## BUCKINE *v*. THE STATE.

1. Upon the trial of one accused of larceny of a $100 bill, evidence that shortly after the commission of the alleged crime the wife of the accused was in possession of a bill of the same denomination and description as the one alleged to have been stolen, and that she sent the bill to a bank to be changed by another person, was admissible as a circumstance, the probative value of which was for the jury.

2. The evidence was largely circumstantial, and was conflicting; but that for the State was sufficient to warrant the conviction of the accused. The trial judge having expressed his approval of the verdict by his refusal to grant a new trial, this court will not interfere.

Submitted November 21,—Decided December 9, 1904.

Accusation of simple larceny. Before Judge Reynolds. City court of Waycross. September 19, 1904.

*Leon A. Wilson,* for plaintiff in error, cited 18 Am. & Eng. Enc. L. (2d ed.) 481 ; 12 Cox's C. C. 33, 260, 417; 16 Id. 1 ; 11 Pac. 510 ; 4 Utah, 410 ; Penal Code, § 155.

*J. Walter Bennett, solicitor,* contra, cited Clark's Cr. L. 259 ; 118 *Ga.* 48; 105 *Ga.* 619.

CANDLER, J. The accused was convicted upon an accusation charging him with simple larceny. He excepts to the overruling of his motion for a new trial, which was upon the general grounds

that the verdict was contrary to law and the evidence, and upon the further ground that the court erred in the admission of certain evidence which will be mentioned hereafter. The evidence for the State was to the effect that the accused came to the home of the prosecutor at an early hour in the morning and solicited a loan of money, offering a watch as security for the loan; that after some discussion the prosecutor agreed to lend the accused ten dollars on the watch; that thereupon the prosecutor took from a satchel a roll of bills, took off the bill on the outside of the roll, and without looking at it handed it to the accused in exchange for the watch. Subsequently he discovered that the bill which he had given the accused was for one hundred dollars, instead of ten as he had supposed. Upon being arrested the accused insisted that the bill he received from the prosecutor was for ten dollars. There was evidence that a few days after the occurrence above related the wife of the accused was in possession of a $100 bill of the same description as the one which the prosecutor claimed to have given the accused, and that she sent it to a bank to be changed. There was no direct evidence that it was the same bill, or that the accused had at any time given his wife a $100 bill; but on the other hand there was no evidence to negative either theory. In his statement the accused admitted having received a bill from the prosecutor, but declared that he "took it to be a ten-dollar bill." He further stated that after leaving the house of the prosecutor he went to the railroad station preparatory to going out on his "run," in the discharge of his duties as a locomotive fireman; that he tried without success to have the bill changed as a ten-dollar bill at the ticket-office; that he accosted a stranger at the station, whom he had never seen before and whom he took to be a traveler about to go out on the train, and that this stranger gave him in exchange for the bill a five-dollar bill and five silver dollars; and that he sent a part of this money home to his wife by a messenger and proceeded to go out on his run. In many essential particulars his statement was corroborated by the sworn evidence. It was also in evidence that the wife of the accused was a school-teacher making a good salary, and that she had been in possession of a $100 bill for a considerable time prior to the time of the commission of the alleged crime.

Upon its facts the case is exceedingly close; but it is for the jury, and not the Supreme Court, to settle close questions of fact. The evidence is undisputed, other than by the statement of the accused, that he received from the prosecutor a bill of the denomination of one hundred dollars, and not ten.    The issue upon which the case turned. is whether the accused subsequently discovered that fact and converted the balance of ninety dollars to his own use, or whether, as he contends in his statement, he was the innocent victim of a fraud perpetrated upon him by the stranger at the railroad station, a fraud the commission of which was made possible by the prosecutor's own negligence.    There was circumstantial evidence to support either theory — direct evidence to support neither.    The jury resolved the conflict adversely to the accused, as it was their right to do; and the trial judge having expressed his approval of the verdict by his refusal to grant a new trial, this court will not interfere.

The evidence to which objection was made on the trial in the lower court and the admission of which is assigned as error in the motion for a new trial, was that which showed the possession by the wife of the accused of a $100 bill shortly after the transaction under investigation and her having the bill changed at the bank. Owing to the very close relationship of husband and wife, we think this evidence was admissible solely as a circumstance to be considered by the jury along with all the other facts and circumstances in the case, as throwing light on the transaction under investigation.    We do not hesitate to say that such evidence would not justify a charge upon the subject of recent possession of stolen goods; but it was admissible as a circumstance to be weighed by the jury for what it was worth.

We do not overlook the contention of counsel for the accused that the State failed to carry the burden of proving that the money was taken animo furandi, and that the evidence shows that the appropriation, if any, was made subsequently to the reception of the money by the accused.    In view of the fact that the State showed that when the accused was arrested he asserted that he looked at the money when it was handed to him and that it was a ten-dollar bill, the jury were authorized to find that the money was taken by him with knowledge that it was a larger amount than he was entitled to receive.    This contention is therefore without merit.        *Judgment affirmed.    All the Justices concur.*