## CLAY v. THE STATE.

1. On the trial of one accused of robbery it is not error for the judge to read, in his charge to the jury, the definition of robbery as given in the Code of 1895, and to omit the amendment added thereto by the act of 1903, such act adding the words, "sudden snatching, taking, or carrying away any money, goods, or chattels or anything of value from the owner or person in possession or control thereof, without the consent of the owner or person in possession or control thereof ; " the accused not being indicted for "snatching," etc., but for robbery by force.
2. Where the State's evidence shows that one of the articles taken by the accused from the prosecutor was a watch, and further that the accused and a certain woman were very intimate, it is not error to admit evidence showing the watch to have been in possession of the woman the morning after the robbery. Such evidence tends to corroborate the testimony of the prosecutor that the watch was taken from his possession the night before by the accused.

Argued February 20,— Decided March 2, 1905.

Indictment for robbery. Before Judge Felton. Bibb superior court. December 22, 1904.

*John R. Cooper,* for plaintiff in error.
*Willian Brunson, solicitor-general,* contra.

SIMMONS, C. J. 1. Sherman Clay was indicted and convicted of the offense of robbery. He made a motion for a new trial, which was overruled, and he excepted. One of the grounds of his motion is that the judge below erred in charging section 151 of the Penal Code, which is as follows : "Robbery is the wrongful, fraudulent, and violent taking of money, goods, or chattels from the person of another by force or intimidation, without the consent of the owner," and omitting the amendment thereto added

by the act of 1903. This act amends the code section by adding thereto : " or the sudden snatching, taking, or carrying away any money, goods, chattels,» or anything of value from the owner or person in possession or control, without the consent of the owner or person in possession or control thereof," and was evidently passed by the legislature for the purpose of making it robbery to snatch purses from persons upon the streets, which of late years has become very common. The accused was indicted for robbery by force, and not for snatching the personal goods of another. The evidence for the State shows that the accused, with two others, inveigled the prosecutor to a swamp and with force and violence took his money and watch from him. It was only necessary, therefore, under the evidence, to give in charge the definition of robbery by force, and the omission of the amendment to the statute was not error.

2. Complaint is made, in the motion for new trial, of the admission of certain evidence against the accused. This evidence is that on the morning after the night of the robbery one Matilda Glover was found in possession of the watch which the prosecutor testified had been taken from his possession, the night before, by the accused and others. The evidence showed that Matilda Glover and the accused were upon very intimate terms. She kept a restaurant and he was in and about there ʻnearly all the time when he was in the city, and when she would get drunk and have to be taken home the accused took charge of the restaurant for her and would close it up at night. Under these facts, the admission of the testimony objected to was not error. According to the State's evidence, the accused took the watch from the person of the prosecutor on a certain night, and the next morning he was found at the restaurant of ʻthe Glover woman, and she was seen in possession of the watch. This was a circumstance which the jury might properly consider, it tending to corroborate the testimony of the prosecutor that he had been robbed by Sherman Clay. See *Buckine* v. *State*, 121 *Ga.* 337. The other grounds in the motion are too trivial to be considered. *Judgment affirmed. All the Justices concur.*