(May 28, 1920.)

## STATE, Respondent, v. J. A. SHEEHAN, Appellant.

### [190 Pac. 71.]

INTOXICATING LIQUORS — UNLAWFUL TRANSPORTATION — CRIMES—PRINCIPALS — CRIMINAL INTENT — EVIDENCE — MOTION TO STRIKE—INSTRUCTIONS—ERROR—WHEN NOT PREJUDICIAL.

1. An instruction that "Under the laws of this state all persons concerned in the commission of a crime, whether they directly commit the act constituting the offense or aid and abet in its commission, or advise and encourage its commission, are principals in any crime so committed, . . . . " is in substantial conformity with C. S., section 8093, and correctly states the law.

2. C. S., section 8093, makes one who aids, abets or encourages another in the transportation of intoxicating liquor into the state of Idaho guilty of the act of transporting whether or not he was actually present and participating in such act.

3. It is not prejudicial error to refuse to strike out erroneous testimony, nor to refuse to instruct the jury to disregard the same when by his subsequent answers the witness has shown that he had no personal knowledge of the facts testified to.

4. Nor is it prejudicial error for the court to instruct the jury that they may give such testimony what weight they think it is entitled to, when it is apparent from all of the facts and circumstances in connection therewith that the jury could not have been misled or the defendant prejudiced thereby.

APPEAL from the District Court of the Third Judicial District, for Ada County. Hon. Chas. P. McCarthy, Judge.

Prosecution for the crime of transporting intoxicating liquor into the State of Idaho. Judgment of conviction, from which defendant appeals. *Affirmed.*

Perky & Brinck, for Appellant.

Transportation means the act of the carrier, not the act of the shipper. (10 C. J. 37, 38; Van Zile, Bailments, secs. 19, 395; 6 C. J. 1099; Mechem, Agency, secs. 26, 41; *State v. Carson,* 147 Iowa, 561, 140 Am. St. 330, 126 N. W. 698; *Alexander v. Atlantic etc. R. Co.,* 144 N. C. 93, 56 S. E. 697; *Gloucester Ferry Co. v. Pennsylvania,* 114 U. S. 196, 5 Sup. Ct. 826, 29 L. ed. 158, see, also, Rose's U. S. Notes; *State v. Pickett,* 47 S. C. 101, 25 S. E. 46; *State v. Pope,* 79 S. C. 87, 60 S. E. 234; *Ogdensburg etc. R. Co. v. Pratt,* 22 Wall. (U. S.) 123, 22 L. ed. 827, see, also, Rose's U. S. Notes; *Sturgeon Bay etc. Harbor Co. v. Leathem,* 164 Ill. 239, 45 N. E. 422; *United States v. Sheldon,* 2 Wheat. (U. S.) 119, 4 L. ed. 199, see, also, Rose's U. S. Notes.)

The overt act of the carrier, if innocent, cannot be imputed to the shipper as criminal; and even though criminal, cannot be imputed to the shipper if the carrier acts independently and without community of intent with shipper. (*People v. Collins,* 53 Cal. 185; *State v. Jansen,* 22 Kan. 498; *State v. Currie,* 13 N. D. 655, 112 Am. St. 687, 102 N. W. 875, 69 L. R. A. 405; *State v. Hayes,* 105 Mo. 76, 24 Am. St. 360, 16 S. W. 514; Bishop's Crim. Law, 7th ed., sec. 241.)

Evidence of other offenses cannot be considered upon the probability of appellant's having committed the crime charged. (18 Ann. Cas. 846, note; Underhill, Crim. Ev.,

2d ed., sec. 87; 1 Bishop, New Crim. Pro., sec. 1124; Wigmore, Evidence, sec. 305; *People v. Hurley,* 126 Cal. 351, 58 Pac. 814; *State v. Marshall,* 2 Kan. App. 792, 44 Pac. 49; 1 Wharton, Crim. Ev., 10th ed., p. 59; *State v. Eder,* 36 Wash. 482, 78 Pac. 1023; 16 C. J. 81, 588–592; 8 R. C. L. 206, and n. 5; *Proctor v. State,* 8 Okl. Cr. 537, 129 Pac. 77; *Chipman v. People,* 24 Colo. 520, 52 Pac. 677; *People v. King,* 23 Cal. App. 259, 137 Pac. 1076; *State v. Hughes,* 3 Kan. App. 95, 45 Pac. 94; *State v. Reynolds,* 5 Kan. App. 515, 47 Pac. 573; *Porath v. State,* 90 Wis. 527, 48 Am. St. 954, 63 N. W. 1061.)

Roy L. Black, Attorney General, Dean Driscoll and Alfred F. Stone, Assistants to Attorney General, for Respondent.

One who commits a crime through the instrumentality of an innocent agent is punishable as a principal. (16 C. J. 124, and cases cited; *Johnson v. State,* 142 Ala. 70, 38 So. 182, 2 L. R. A., N. S., 897, and note; *Hendry v. State,* 147 Ga. 260, 93 S. E. 413.)

To sustain a conviction for illegally transporting intoxicating liquor, it is not necessary that the defendant shall have personally transported the same. (*Hendry v. State, supra; State v. Warburton,* 97 Wash. 242, 166 Pac. 615; *State v. Blauntia,* 170 N. C. 749, 87 S. E. 101; *Combs v. Commonwealth,* 162 Ky. 86, 172 S. W. 101; *Town of Hartsville v. McCall,* 101 S. C. 277, 85 S. E. 599; *Bridgeforth v. State,* 15 Ala. App. 502, 74 So. 402.)

Evidence of other offenses may be admitted upon the question of intent, motive, or for the purpose of showing a system, and sometimes for purpose of corroboration. (*State v. Lancaster,* 10 Ida. 410, 78 Pac. 1081; *State v. Henderson,* 19 Ida. 524, 114 Pac. 30; *State v. Hammock,* 18 Ida. 424, 110 Pac. 169; *State v. Driskill,* 26 Ida. 738, 145 Pac. 1095; *State v. Schmitz,* 19 Ida. 566, 114 Pac. 1; *State v. O'Neil,* 24 Ida. 582, 135 Pac. 60; *State v. Davis,* 6 Ida. 159, 53 Pac. 678; *State v. McGann,* 8 Ida. 40, 66 Pac. 823.)

Instructions identical, in the substance thereof, with those given by the court in this case have been approved by our

court in *State v. Rooke,* 10 Ida. 388, 79 Pac. 82; *State v. Maguire,* 31 Ida. 24, 169 Pac. 175.

BUDGE, J.—This appeal is from a judgment convicting appellant of the crime of transporting intoxicating liquor into the state of Idaho. From the evidence it appears that the appellant arrived in Boise from Salt Lake City early on the morning of May 16, 1916. He had checked two trunks at Salt Lake City as baggage to be transported to Boise. Subsequent to accepting the trunks for transportation the railroad company discovered the trunks each contained kegs of whisky, and the superintendent at Pocatello wired the railroad officers at Boise that this certain baggage contained liquor and to get in touch with the sheriff's office in Boise, and further suggested that the party calling for the same should be arrested. About 8 o'clock on the morning of the 16th appellant called at the Peasley transfer office at Boise and gave an employee the two baggage checks for the trunks. These checks were delivered to an employee by the name of Waymire, who presented them to the railroad company and was informed that the trunks had not arrived but that they expected them on the 6:15 train that evening. This employee discovered that there was something wrong with this baggage, and that it was being watched, so the checks were returned to appellant with the request that he get someone else to look after them. Appellant, on the evening of the 16th, went to the railroad station at Boise and called Mr. Phillips, the baggageman, outside and gave him the two check numbers for trunks and asked him if they were in, and at the same time informed Phillips that the trunks contained intoxicating liquor. Subsequent to appellant's arrest he informed the sheriff the trunks belonged to him. Mrs. Lizzie Johnson had been staying at appellant's house while appellant and his wife were in Salt Lake City, and testified that when appellant arrived home he brought three or four quart bottles of liquor with him in his suitcase. Sheehan never had the liquor alleged to have been transported in the trunks in his personal possession in Idaho.

The court gave an instruction which was in part as follows: "Under the laws of this state all persons concerned in the commission of a crime, whether they directly commit the act constituting the offense or aid and abet in its commission, or advise and encourage its commission, are principals in any crime so committed, . . . . "

An instruction requested by the appellant to the effect that the act of the shipper in delivering goods to the carrier, in this case the Oregon Short Line Railroad Company, does not amount to transportation, the carrier being the only party who in such case does the transporting, was refused. The giving of the former instruction and the refusal to give the latter are assigned as error.

In this same connection, and on the theory embodied in the requested instruction, appellant assigns as error the denial of his motion for an instruction advising acquittal and the insufficiency of the evidence to sustain the verdict.

C. S., section 8093, provides that "All persons concerned in the commission of a crime, whether it be felony or misdemeanor, and whether they directly commit the act constituting the offense or aid and abet in its commission, or, not being present, have advised and encouraged its commission, . . . . are principals in any crime so committed."

The instruction which the court gave is substantially in the language of the statute and correctly states the law. The crime of transporting intoxicating liquor into the state of Idaho, of which appellant was convicted, is committed whenever one knowingly and intentionally transports intoxicating liquor. No other intent is necessary in order to complete the offense, when coupled with the act of transporting, than the intent to transport. The evidence shows that the intoxicating liquor in this case was actually transported into the state of Idaho, that the appellant had the intent that it should be so transported, that he aided, abetted, encouraged and procured the transportation. His acts and his intent, coupled with the act of the railroad company in knowingly transporting the intoxicating liquor, bring him clearly within the terms of the foregoing statute and make him a principal in the commission thereof as defined therein.

In this connection appellant also contends that the railroad company is in the position of a feigned accomplice. In order to become such the company must have held itself out to the appellant as being in fact an accomplice. This the company did not do. There is, therefore, no element of feigned accomplice in the case.

Appellant moved to strike out the testimony of Mrs. Johnson relating to certain bottles of liquor which she stated he had in his possession. The motion was denied. Appellant then recalled her for further cross-examination, during which she testified as follows:

"Q. Now, you spoke about seeing some liquor, I think you said four bottles, in the house. Do you know whether they were whisky or not?

"A. No, sir, I don't know; I never tasted it.

"Q. Do you know whether it was intoxicating liquor of any kind of your own knowledge?

"A. No, I don't know how I could answer that, because I don't know.

"Q. You didn't taste any of it?

"A. No.

"Q. Did you see this liquor in the possession of Sheehan, or did you see it at the house?

"A. No, sir, I did not.

"Q. You do not know whether it was intoxicating liquor of any kind, do you?

"A. No, sir. It was on the table when I seen it."

Appellant requested the court to instruct the jury to disregard her testimony concerning the possession of the liquor in bottles and to give it no consideration as bearing upon the probability of appellant having committed the offense upon which the state had elected to rely, viz., the transportation of the liquor contained in the trunks. This request was refused and the court instructed the jury that they could convict appellant only of transporting the liquor contained in the trunks, that her testimony was permitted to remain in evidence only for the purpose of enabling them to decide whether appellant transported the liquor contained

in the trunks, that if they thought it had any bearing upon that question they might consider it for that purpose, giving to it such weight as they thought it entitled to.

The denial of the motion to strike, the refusal to give the former instruction, and the giving of the latter, are assigned as error.

While we are satisfied that the court erred in the respects complained of, we do not regard these errors as prejudicial or as justifying a reversal. The witness' testimony on the cross-examination shows that she had no knowledge as to whether the bottles about which she had testified contained intoxicating liquor. The rule is that it is not prejudicial error to refuse to strike out erroneous evidence where the witness whose testimony the court is asked to strike out has shown by subsequent answers that he has no personal knowledge of the facts testified to. (17 C. J. 333, sec. 3677; *Drew v. United States,* 192 Fed. 854, 113 C. C. A. 178.) When we apply this rule to the facts and circumstances of the case at hand we are satisfied that no prejudice could have resulted to appellant from failure to strike out the evidence in question, and that the jury could not have been misled either by the evidence or the instruction complained of.

The judgment is affirmed.

Morgan, C. J., and Rice, J., concur.