Points Decided.

(June 29, 1922.)

## STATE, Respondent, v. T. A. STERRETT, Appellant.

[207 Pac. 1071.]

INTOXICATING LIQUORS—UNLAWFUL TRANSPORTATION—CRIMES—CRIMINAL INTENT—STATUTORY OFFENSE—CONSTRUCTION—EVIDENCE.

1. Whether a criminal intent is a necessary element of a statutory offense is a matter of construction, to be determined from the language of the statute in view of its manifest purpose and design, and where such intent is not made an ingredient of the offense, the intention with which the act is done, or the lack of any criminal intent in the premises, is immaterial.

2. Under C. S., secs. 2606 and 8087, the intentional transportation of intoxicating liquor, without legal authority, is unlawful, and the good intentions and good faith of the person transporting such liquor is immaterial.

3. Error cannot be predicated upon the action of the court in excluding evidence tending to show the defendant's good intentions and good faith, where a criminal intent is not a necessary element of the offense charged.

4. Where there is sufficient competent evidence to sustain the verdict of the jury, such verdict will not be disturbed on appeal.

APPEAL from the District Court of the Fifth Judicial District, for Bannock County. Hon. O. R. Baum, Judge.

Defendant was convicted of transporting intoxicating liquor. *Affirmed.*

J. M. Stevens and H. E. Ray, for Appellant, cite no authorities on points decided.

Publisher's Note.

1. Validity and construction of statutes or ordinances which makes noncompliance with motor vehicle regulations a penal offense without reference to intent, fault or knowledge, see note in 11 A. L. R. 1434.

Roy L. Black, Attorney General, Dean Driscoll and Jas. L. Boone, Assistants, for Respondent.

The only intent necessary to constitute the offense of transporting intoxicating liquors is the intent to transport. (*State v. Sheehan,* 33 Ida. 103, 190 Pac. 71.)

A person is bound to know whether he is a *de jure* officer. So the argument of good faith or good intentions avails him nothing if he is not in truth and in fact an officer. (22 R. C. L. 600, sec. 323; 29 Cyc. 934; *Creighton v. Commonwealth,* 83 Ky. 142, 4 Am. St. 143; *Short v. Symmes,* 150 Mass. 298, 15 Am. St. 204, 23 N. E. 42; *Moon v. City of Champaign,* 214 Ill. 40, 73 N. E. 408; *Miller v. Callaway,* 32 Ark. 666; *People v. Hopson,* 1 Denio (N. Y.), 574; *Cummings v. Clark,* 15 Vt. 653; *Colton v. Beardsley,* 38 Barb. (N. Y.) 29–34.)

BUDGE, J.—Appellant was convicted of the crime of transporting intoxicating liquor into a prohibition district in the state of Idaho, from which he appeals.

From the record it appears that appellant was apprehended by two deputy sheriffs of Bannock county, while hauling two kegs of intoxicating liquor in a wagon, upon a public highway within said county, several miles from Alexander, Caribou county, on the afternoon of April 12, 1919. There is some evidence in the record tending to show that on the morning of said day appellant was in Soda Springs, where he appeared before the acting probate judge of Caribou county and made an affidavit of the existence of some intoxicating liquor near Alexander, that a search-warrant was issued by the probate judge and handed to appellant with verbal instructions to seize the liquor, if found, and bring it to Soda Springs, and that appellant as a *de facto* officer seized the liquor at Alexander and by reason of the impassable condition of other roads was hauling it toward Soda Springs by a road which lay for some distance within the boundaries of Bannock county.

Appellant makes six assignments of error, the first five of which relate to the action of the court in sustaining ob-

jections of the state to certain testimony sought to be elicited in his behalf, tending to show that he was traveling toward Soda Springs when he was apprehended; that he and witness Barnett were orally deputized by the probate judge to get the particular whisky which was found in his possession upon his apprehension; that he exhibited to witness Allen, whom he employed, with a team and wagon, to haul the liquor to appellant's ranch near Alexander, a search-warrant before loading the liquor; and that he directed Allen to drive to said ranch for the purpose of getting a heavier team to haul the liquor to Soda Springs; and in sustaining the objection of the state to the introduction of the search-warrant claimed to have been issued and delivered to him by the probate judge.

Counsel for appellant cites no authorities supporting his position upon these matters, but contends merely that the evidence in each case was competent to go to the jury as establishing the good intention and good faith of appellant in the premises.

C. S., sec. 2606, under which appellant was convicted, provides that: "It shall be unlawful for any person . . . . to transport any intoxicating liquor or alcohol unless the same was procured and is so possessed and transported under a permit as hereinafter provided . . . . "

C. S., sec. 8087, provides "In every crime or public offense there must exist a union, or joint operation, of act and intent, or criminal negligence."

At common law a crime possessed the element of an evil intention together with an unlawful act, but the rule is well established that it is competent for the legislature to prohibit the doing of a particular act and to provide a penalty for the violation of the prohibition. (1 Wharton's Criminal Law, 11th ed., sec. 143, p. 187.) This court held in *State v. Keller*, 8 Ida. 699, 70 Pac. 1051, that: "Wicked or wilful intent to violate the criminal law is not an essential ingredient in every criminal offense. And that is so in statutory offenses when the statute does not make the intent with which an act is done an ingredient of the crime. The rule

is that in acts *mala in se* the intent governs, and in acts *mala prohibita,* the intent does not govern, and the only inquiry is, 'Has the law been violated?'"

And in *State v. Sheehan,* 33 Ida. 103, 190 Pac. 71, it was said: "The crime of transporting intoxicating liquor into the state of Idaho . . . . is committed whenever one knowingly and intentionally transports intoxicating liquor. No other intent is necessary in order to complete the offense, when coupled with the act of transporting, than the intent to transport."

Whether a criminal intent is a necessary element of a statutory offense is a matter of construction, to be determined from the language of the statute in view of its manifest purpose and design, and where such intent is not made an ingredient of the offense, the intention with which the act is done, or the lack of any criminal intent in the premises, is immaterial. (*City of Hays v. Schueler,* 107 Kan. 635, 193 Pac. 311, 11 A. L. R. 1433, and note at 1434.)    It is apparent that by C. S., secs. 2606 and 8087, the legislature has made the intentional transportation of intoxicating liquor, without legal authority, unlawful (*In re Baugh,* 30 Ida. 387, 164 Pac. 529), and that the good intentions and good faith of the person transporting the liquor is immaterial. In the interest of the public, the burden is placed upon the actor to ascertain at his peril whether his deed is within the prohibition of the statute. (8 R. C. L., Criminal Law, sec. 12, p. 62, note 4.)    Error cannot be predicated upon the action of the court in excluding evidence tending to show the defendant's good intentions and good faith, where a criminal intent is not a necessary element of the offense charged.

In the sixth assignment of error, appellant urges that the evidence did not warrant the jury in finding him guilty. The jury was entitled to, and evidently did, disbelieve the evidence introduced by appellant whereby he sought to show that he had been deputized to seize the liquor in question and remove it to Soda Springs, but apparently did believe the testimony of the so-called acting probate judge that he

did not deputize appellant. Although the defense interposed by appellant may well serve as a testimonial of legal ingenuity, altogether unique in the judicial annals of this state, nevertheless, since the jury took the view which it did, it is unnecessary to consider the question as to whether or not the deputization of appellant as a *de facto* special officer of Caribou county would constitute a defense to the crime with which he was charged.

There is sufficient competent evidence in the record to support the verdict of the jury, and no prejudicial error appearing in the record, the judgment must be affirmed. It is so ordered.

Rice, C. J., and McCarthy and Dunn, JJ., concur.