(August 29, 1923.)

## STATE, Respondent, v JOHN McMAHON, Appellant.

[219 Pac. 603.]

INTOXICATING LIQUORS—POSSESSION—INFORMATION—WRONGFUL INTENT
·  —JURY—JURY LIST—CONTINUANCE.

1. In a prosecution under the provisions of C. S., sec. 2628, prohibiting unlawful possession of intoxicating liquor, it is not necessary that the information charge that such possession was had knowingly or intentionally.

2. Possession of intoxicating liquor as defined by C. S., sec. 2628, is an act *malum prohibitum*, and an information charging such possession, if substantially in the words of the statute, is sufficient.

3. In the absence of a showing to the contrary, it will be presumed that the jury was regularly drawn as provided by law.

4. The matter of granting or refusing to grant a motion for a continuance rests in the sound discretion of the trial court, and where such discretion is not abused the action of the trial court will not be disturbed.

APPEAL from the District Court of the Fifth Judicial District, for Power County. Hon. O. R. Baum, Judge.

Prosecution for crime of possession of intoxicating liquor. Judgment of conviction, from which defendant appeals. *Affirmed.*

Anderson & Jeffery, for Appellant.

An information must be direct and positive and must charge all the essentials of the offense. (C. S., sec. 8827; *State v. Webb*, 6 Ida. 428, 55 Pac. 892; *State v. Swensen*, 13 Ida. 1, 81 Pac. 379; *State v. O'Neil*, 13 Ida. 112, 88 Pac. 425; *State v. Smith*, 25 Ida. 541, 138 Pac. 1107; *State v. Lundhigh*, 30 Ida. 365, 164 Pac. 690; *State v. Bidegain*, 33

---

Publisher's Note.

4. Irregularities of impaneling jury as ground for new trial, see note in 18 L. R. A. 476.

Ida. 66, 189 Pac. 242; *State v. Singh*, 34 Ida. 742, 203 Pac. 1064; *State v. Scheminisky*, 31 Ida. 504, 174 Pac. 611; *State v. Cole*, 31 Ida. 603, 174 Pac. 131; *Booth v. United States*, 197 Fed. 283, 116 C. C. A. 645.)

The possession of intoxicating liquor to be an offense must be knowingly and intentionally and unlawfully. (*In re Baugh*, 30 Ida. 387, 164 Pac. 529.)

There must be a criminal intent, or at least an act knowingly done, and one who innocently without knowledge of the fact has liquor in his possession is not guilty of the offense. (C. S., sec. 8087; *State v. Omaechevviaria*, 27 Ida. 797, 152 Pac. 280.)

The court should have sustained the challenge to the panel. (Brickwood, Sackett's Instructions to Juries, sec. 20; 24 Cyc. 99, 189.)

A. H. Conner, Attorney General, and James L. Boone, Assistant, for Respondent.

An indictment is sufficient if it is stated in the language of the statute. (*People v. Butler*, 1 Ida. 231; *United States v. Mays*, 1 Ida. 763; *State v. Ellington*, 4 Ida. 529, 43 Pac. 60; *State v. Rathbone*, 8 Ida. 161, 67 Pac. 186; *State v. Brill*, 21 Ida. 269, 121 Pac. 79; *State v. O'Neil*, 24 Ida. 582, 135 Pac. 60; *State v. Lundhigh*, 30 Ida. 365, 164 Pac. 690.)

Intent and knowledge are not essential ingredients of the crime of unlawful possession of intoxicating liquor. (*State v. Sterrett*, 35 Ida. 580, 207 Pac. 1071; *State v. Keller*, 8 Ida. 699, 70 Pac. 1051; *State v. Browne*, 4 Ida. 723, 44 Pac. 552; *State v. Henzell*, 17 Ida. 725, 107 Pac. 67, 27 L. R. A., N. S., 159; 16 C. J. 76.)

BUDGE, C. J.—Appellant was prosecuted by information charging possession of intoxicating liquor as follows:

"That the said John McMahon on the twenty-first day of February, 1922, at Horse Island, in the County of Power, State of Idaho, did then and there have in his possession intoxicating liquor commonly known as whiskey all of which is contrary to the form, force and effect of the statutes in

such case in said State made and provided and against the peace and dignity of the State of Idaho.''

A verdict of guilty was rendered and judgment entered thereon sentencing appellant to thirty days in the Power county jail and the payment of a fine of $250, from which judgment this appeal is prosecuted.

From the record it appears that on the twenty-first day of February, 1922, the sheriff of Power county stopped appellant near Horse Island, in Power county, and found in his possession a fruit jar and a small vial containing whiskey. The fruit jar and its contents were destroyed by appellant at the time of his arrest by throwing it against the running-board of the automobile in which he was riding.

There are numerous assignments of error and we will notice only such as we deem material.

It is first insisted that the information does not state facts sufficient to constitute a public offense, and that the court erred in refusing to sustain appellant's objection to the introduction of evidence. No demurrer was filed to the information, counsel seeking to urge his objections thereto upon the introduction of evidence. The section of the statute under which this prosecution was had is as follows:

''Sec. 2628. It shall be unlawful for any person, firm, company, corporation or agent to have in his or its possession any intoxicating liquors of any kind for any use or purpose except the same shall have been obtained and is so possessed under a permit authorized by this article.''

It is the contention of appellant that since the information does not charge that he knowingly, unlawfully or intentionally had in his possession intoxicating liquor the essential elements of the offense were not charged. It will be observed from a reading of the statute that the words ''knowingly, intentionally or unlawfully'' are not included as necessary elements to be charged in the information. The information is substantially in the words of the statute, and is therefore sufficient. (*People v. Butler*, 1 Ida. 231; *United States v. Mays*, 1 Ida. 763; *State v. Ellington*, 4 Ida. 529, 43 Pac. 60; *State v. Rathbone*, 8 Ida. 161, 67 Pac. 186; *State v.*

*Brill,* 21 Ida. 269, 121 Pac. 79; *State v. O'Neil,* 24 Ida. 582, 135 Pac. 60; *State v. Lundhigh,* 30 Ida. 365, 164 Pac. 690.)

It is further contended that the court erred in drawing a jury from the city of American Falls, Power county, and not from the body of the county at large. There is nothing in the record to show that the jury were so drawn, and in the absence of such a showing the presumption is that the jury was regularly drawn as provided by law.

There is no merit in appellant's contention that the court erred in refusing to grant a continuance upon the ground of the refusal of the court to grant an inspection of the jury list. The record discloses that a list of jurors was furnished and time given to inspect the same. The matter of granting or refusing to grant a motion for a continuance rests in the sound discretion of the trial court. There is no such abuse of discretion disclosed by the record in this case as would warrant a reversal of the judgment upon this ground. Particularly is this true in view of the fact that while, under the provisions of C. S., sec. 8926, appellant was entitled to six peremptory challenges, an examination of the record discloses that he exercised but three, leaving the only inference to be drawn that the jury was entirely satisfactory.

We have examined the evidence under the assignment that the evidence is insufficient to sustain the verdict of the jury and have reached the conclusion that there is sufficient competent evidence to sustain the verdict of the jury and the judgment thereon.

The judgment should be sustained and it is so ordered.

McCarthy and Dunn, JJ., concur.

WM. E. LEE, J., Dissenting.—I dissent from that portion of the majority opinion holding that in a prosecution under the provisions of C. S., sec. 2628, it is not necessary that the information charge that. such possession of intoxicating liquor was had knowingly and intentionally.

C. S., sec. 2628, should be construed with and as a part of C. S., sec. 8087, which provides that—

"In every crime or public offense there must exist a union, or joint operation, of act and intent, or criminal negligence."

Under C. S., sec. 8087, there must be an intent to violate C. S., sec. 2628. (*State v. Omaechevviaria*, 27 Ida. 797, 152 Pac. 280; *State v. Becker*, 35 Ida. 568, 207 Pac. 429.)

In the case of *In re Baugh*, 30 Ida. 387, 164 Pac. 529, this court held:

"That law clearly contemplates that the possession of intoxicating liquor, in order to be a crime, must be had knowingly or at least by the connivance or with the consent of the possessor. It is not to be understood that it may be violated accidentally, inadvertently or innocently, but if violated at all, it must be done, as charged in the criminal complaint in this case, knowingly, intentionally and unlawfully."

This court held in *State v. Sterrett*, 35 Ida. 580, 207 Pac. 1071, as follows:

"It is apparent that by C. S., secs. 2606 and 8087, the legislature has made the intentional transportation of intoxicating liquor, without legal authority, unlawful. . . . . "

In *State v. Sheehan*, 33 Ida. 103, 190 Pac. 71, this court said:

"The crime of transporting intoxicating liquor into the state of Idaho, of which appellant was convicted, is committed whenever one knowingly and intentionally transports intoxicating liquor."

It is true that this court has repeatedly held that an information charging an offense in the language of the statute is sufficient. This, however, is true only in a case where the statute defines and describes the offense and sets forth all the material elements constituting it. (22 Cyc. 339; 31 C. J., p. 708, sec. 260.)

In *State v. Lundhigh*, 30 Ida. 365, 164 Pac. 690, this court, speaking through Mr. Justice Rice, said:

"It is essential that an indictment or information should charge all the elements necessary to constitute the offense."

Believing, as I do, that intent is an essential element of the crime defined by C. S., sec. 2628, and that an informa-

tion should charge all the essential elements of the offense, it necessarily follows that the information in this case is insufficient.

I am authorized to say that Mr. Justice William A. Lee concurs with me in this view.