(No. 6344. May 2, 1936.)

STATE, Respondent, v. DEL RAY HUFF and VIRGIL BARNEY, Appellants.

[57 Pac. (2d) 1080.]

W. A. Ricks, for Appellants.

Bert H. Miller, Attorney General, and Ariel L. Crowley, Assistant Attorney General, for Respondent.

BUDGE, J.—Appellants Huff and Barney were charged by information with the crime of robbery, were convicted and sentenced to imprisonment in the state penitentiary for the term of not less than five nor more than ten years.

As related by I. Iriye, a Japanese, appellants came to his place of abode for the stated purpose of inducing him to drink liquor and gamble with them which he refused to do. Appellants then left and returned a short time later making the same requests and while talking to him and following him about the room one of them called him by name and when he turned he was struck in the face and rendered partially unconscious. Upon regaining consciousness Iriye discovered he had been robbed of his money kept in two purses in separate pockets and likewise his pistol. Immediately thereafter the occurrence was reported to the police officers and there is testimony that at this time the Japanese was suffering from a bad looking eye injury and was in an excited condition. Search was immediately instituted and appellants were apprehended in Rigby in an automobile belonging to Von Hunter. Under the front seat of the car was found the pistol of Iriye and $105 in bills was found concealed in Barney's right shoe. Iriye had among his currency a $20 bill and such a bill was secured from Mrs. Barney and which

she had secured from her husband. The defense was to the effect that the visit described took place but that a ''crap game'' was engaged in and the Japanese lost his money and that no robbery took place.

■■ Numerous errors are assigned, the first being that the information, which is couched in the language of and contains all the elements recited in the statutes defining robbery, fails to state a public offense, because it omits to charge intent essential to a charge of grand larceny. Precisely the same objection was raised and overruled in *People v. Butler*, 1 Ida. 231, wherein this court said:

''The point urged by the appellant against the indictment is that it nowhere shows 'the intent of the defendant to steal or rob.' This point is not well taken; we think the intent of the defendant to steal or rob clearly and sufficiently appears in the indictment. It charges first a felonious assault upon the person robbed, by the defendant putting him feloniously in bodily fear, thereby the feloniously and violent robbing, taking and carrying away by defendant from his person of the property. The words 'felonious' and 'rob' carry with them the intent and are sufficient.''

The information herein recites in part that appellants; ''did then and there wilfully, maliciously, forcibly and feloniously take from the person, possession, and immediate presence of I. Iriye, certain personal property, . . . . without the consent and against the will of the said I. Iriye and was then and there accomplished as aforesaid by means of force or fear.''

It is well settled in this jurisdiction that an information in the language of the statute is sufficient. (*People v. Butler, supra; State v. Keller,* 8 Ida. 699, 70 Pac. 1051; *State v. Brill,* 21 Ida. 269, 121 Pac. 79; *State v. McMahon,* 37 Ida. 737, 219 Pac. 603; *State v. O'Neil,* 24 Ida. 582, 135 Pac. 60; *State v. George,* 44 Ida. 173, 258 Pac. 551; *State v. Lundhigh,* 30 Ida. 362, 164 Pac. 610; *State v. Bowman,* 40 Ida. 470, 235 Pac. 577; *State v. Bull,* 47 Ida. 336, 278 Pac. 528; *State v. Farnsworth,* 51 Ida. 768, 10 Pac. (2d) 295; *State v. Johnson,* 54 Ida. 431, 32 Pac. (2d) 1223.)

■ The second and fourth assignments urge error in permitting the sheriff and deputy sheriff to testify to the sub-

stance of a conversation had with Von Hunter, likewise charged in the information with appellants but acquitted, which testimony was admitted in evidence and limited, both by statement of counsel for the state and by the court's instructions, for use as evidence against Von Hunter solely. (*State v. Farnsworth, supra; State v. Wilson,* 51 Ida. 659, 9 Pac. (2d) 497.) The third assignment is to the same effect as the second and fourth, relating to statements made by Barney and likewise limited for use against Barney only. Irrespective of the competency of such evidence of conversations or statements it appears that the same evidence in substance as that contained in the conversations related was given on the witness-stand by Hunter and Barney without objection and any error there may have been in admitting evidence of the statements made was rendered harmless. (*State v. Martinez,* 43 Ida. 180, 250 Pac. 239; *State v. McClurg,* 50 Ida. 762, 300 Pac. 898; *State v. Wilson, supra; State v. Reding,* 52 Ida. 260, 13 Pac. (2d) 253; *State v. Black,* 36 Ida. 27, 208 Pac. 851.)

 The fifth assignment charges error in admitting Sheriff Bigler's account of statements made to him by appellant Huff after his arrest and before the arrest of Barney, such statements being made in the presence and within the hearing of appellant Barney. The statements referred to did not amount to a confession or an outright acknowledgment of guilt in express terms but were admissions of such a character as to create an inference of guilt (*State v. Garney,* 45 Ida. 768, 265 Pac. 668), and their admission was primarily for the court. (*State v. Garney, supra; State v. Andreason,* 44 Ida. 396, 257 Pac. 370; *State v. Wilson,* 51 Ida. 659, 9 Pac. (2d) 497; *State v. McDermott,* 52 Ida. 602, 17 Pac. (2d) 343.) It likewise appears that the substance of these statements was later testified to by defendant Hunter without objection rendering error, if any, harmless.

 The sixth assignment charges error in admitting in evidence the $20 bill secured from Mrs. Barney, on the ground it was not shown to belong to Iriye nor connected with the money taken from him. There is evidence that there was one $20 bill among the money stolen and that when the

money was recovered the only $20 bill found was that in the hands of Mrs. Barney. There is evidence that Barney gave the bill to Mrs. Barney immediately after the robbery. It also appears that the $20 bill taken with the other money found in the hands of appellants aggregates the approximate total alleged to have been stolen when allowance is made for the sums appellants testified they already had in their hands prior to the occurrence, and without this $20 the aggregate recovered is less than the amount alleged in the information. Proof of possession of a bill of a denomination involved in the theft, by the wife of the accused, immediately following, is admissible in evidence, its probative value being for the jury. (*Buckine v. State*, 121 Ga. 337, 49 S. E. 257; *Clay v. State,* 122 Ga. 136, 50 S. E. 56.) Prejudice in the admission in evidence of the bill does not appear.

Assignments 7 and 8 are to the effect that the court erred in giving instructions numbered 3, 4, 5 and 6, appellants urging these instructions fail to give a proper definition of the crime of robbery and that the element of intent to commit larceny, an element of robbery, is ignored. Instructions numbered 3 and 4 are in the language of the statutes. (I. C. A., secs. 17–1305, 17–1306.) Instructions 5 and 6 recite all the elements contained in the foregoing statutes, by which the legislature defined what should constitute robbery, giving as one of the necessary elements of the crime the "felonious" taking of personal property. The word "felonious" carries with it the intent and is sufficient. (*People v. Butler*, *supra*.) Appellant requested no instructions and an omission to charge in greater detail upon the particular point cannot be assigned as error. (*State v. Roby,* 43 Ida. 724, 254 Pac. 210; *State v. Harness,* 10 Ida. 18, 76 Pac. 788.)

Appellants' last assignment of error is that the evidence is insufficient to show that the crime of robbery was committed in that (a) it fails to show intent to commit larceny, (b) that Iriye did not tell a straightforward story, (c) that he was successfully impeached, (d) that the evidence shows appellants won the money in a "crap game," (e) that appellants were not masked and did nothing to

shield their identity, and (f) that if any crime was committed it was grand larceny, not robbery. It appears from the testimony heretofore related that there is no merit in the contention that there is no evidence of intent, there being evidence that the money was taken from Iriye's person after he was struck in the face and rendered unconscious, and the money and pistol were thereafter carried away and found concealed when appellants were apprehended, together with numerous other circumstances.

The credibility of the witness Iriye was exclusively for the jury (*State v. McPherson*, 49 Ida. 687, 291 Pac. 313; *State v. Brown*, 53 Ida. 576, 26 Pac. (2d) 131), as was likewise the question of whether or not he was impeached. (*State v. Parris*, 55 Ida. 506, 44 Pac. (2d) 118; *State v. Harp*, 31 Ida. 597, 173 Pac. 1148; *State v. Sims*, 35 Ida. 505, 206 Pac. 1045.)

Secrecy or shielding identity is not an element of the felonious intent essential to robbery. (I. C. A., secs. 17-1305, 17-1306; 54 C. J. 1027.)

There was evidence of the use of violence or force in the perpetration of the offense charged which the jury apparently accepted, which fact disposes of appellants' last contention.

There is evidence to support the verdict and the existence of a mere conflict will not justify a reversal. (*State v. Downing*, 23 Ida. 540, 130 Pac. 461; *State v. Applegate*, 45 Ida. 37, 260 Pac. 167; *State v. Murray*, 43 Ida. 762, 254 Pac. 518.) After a careful examination of the record we have concluded there was no prejudicial error.

The judgment is affirmed.

Givens, C. J., and Ailshie, J., concur.

Morgan and Holden, JJ., dissent.