230 P.2d 693

**STATE v. ROBINSON et al.**

No. 7697.

Supreme Court of Idaho.

April 24, 1951.

Robert E. Smylie, Atty. Gen., J. R. Smead, Asst. Atty. Gen., Henry McQuade, Prosecuting Atty., Pocatello, for respondent.

GIVENS, Chief Justice.

Appellants, with one Ozzie McIntosh, were jointly charged with robbery, jointly tried and severally found guilty. Appellants assign as errors the refusal of their motion for a trial separate from McIntosh; to give McIntosh's requested Instruction No. 1; and appellants' requested Instruction No. 2; admission of a knife belonging to McIntosh; and that the evidence is insufficient to support the conviction.

■ There is substantial evidence which the jury could have construed as establishing the crime of robbery as follows: the evening of March 20, 1950, Mr. and Mrs. Evening, Indians, registering as "Gene Kelley," rented a room on the third

Gee & Hargraves, Pocatello, for appellant.

floor of the Dearborn Hotel in Pocatello, extensively patronized by Indians, colored persons, Mexicans, and whites, operated by one Sadanobu Inishima, a Japanese. The Evenings retired about 9:30 and between midnight and 3:15 a. m. heard noises, whispers, disturbances and commotions in the hall outside their room. McIntosh jumped up or was boosted up by appellants and twice peeked through the transom over the door into their room; someone pounded on the door to their room and a voice hollered, "Bill, open up." The Evenings replied, "Bill isn't here." The marauders called for "Gene" and parties kept pounding and kicking on the door, wanting to get in. The Evenings turned the light on and off, dressed, and about 3:15 a. m. opened the door. Both before and after they opened the door, "they," McIntosh, Robinson and Canon, asserted the room was theirs, that they had paid for it and should have it. The Evenings countered with the statement they had paid for the room and it was theirs. When the Evenings opened the door, McIntosh was standing at the door, flanked by Robinson and Canon. McIntosh said if the Evenings would give him $1.50, they could stay in the room. At first, Evening refused and McIntosh shoved him back into the room and said they had the room first. Evening did not have the exact change and gave McIntosh $2.00. McIntosh then pulled a knife, (Ex. A., later taken from his person at the time of his arrest) opened it and nicked Evening slightly on the right wrist. A scuffle ensued; McIntosh ripped off a pocket on Evening's jacket containing $13.00, which he kept. Robinson came to the assistance of McIntosh and Mr. Evening told his wife to run and get help. After the pocket was torn off, Evening said: "let me go," and McIntosh said: "No, get back in the room. We want something more." and kept shoving Evening back with his knife. Evening fought with McIntosh and Robinson, Canon at all times being present, but in the background. Mrs. Evening escaped from the room and McIntosh hollered to appellants to grab her, which they were unsuccessful in doing. Canon was immediately behind Robinson and McIntosh, who were scuffling with Evening. Evening finally pushed McIntosh and kicked Robinson out of the way, broke loose and ran to the Police Station.

McIntosh and appellants, all colored, were later apprehended; Robinson that morning in the hallway of the Hotel, McIntosh and Canon that evening in the basement of the Radio Pool Hall, evidently a rendezvous for colored people.

The delineation of the foregoing testimony shows the State was justified in prosecuting the three defendants as principals and it was discretionary with the trial court to grant separate trials and no abuse of his discretion in denying separation is shown herein. State v. Smith, 30 Idaho 337, 343, 164 P. 519; State v. Fox, 52 Idaho 474, 16 P.2d 663.

Appellants did not testify in the case. McIntosh did and appellants interposed no objection to his testimony nor did they cross-examine him.

The Court carefully restricted the effect of the extra-judicial statements of McIntosh (though they were made in the presence of appellant Canon) and advised the jury they could only be considered as evidence against McIntosh: "You are instructed that State's Exhibit 'B', the purported statement of defendant Ozzie McIntosh, is to be used by you only with reference to Mr. McIntosh; and that said exhibit is not to be used by you in any way with reference to defendants Robinson and Canon, and no statements contained in said exhibit will in any way be binding on, or evidence against, Messrs. Robinson and Canon." Instruction No. 8. This Instruction was favorable to appellants—hence there was no error in admitting McIntosh's statement. State v. Wilson, 51 Idaho 659, at page 667, 9 P.2d 497.

No motion to suppress admission of the knife was made prior to the trial and, therefore, the objection thereto came too late. State v. Conner, 59 Idaho 695, 89 P.2d 197; 134 A.L.R. 826. The Evenings had described McIntosh and appellants to the officers, who were fully advised of the circumstances of the crime immediately after its perpetration. In addition to the attempt to suppress being untimely, the knife was taken from McIntosh in the course of a lawful arrest, even though no warrant had been issued. Section 19–603, subds. 2 and 3, I.C.; State v. Hart, 66 Idaho 217, 157 P.2d 72. The knife was part of the res gestæ of the robbery and was positively identified by Evening as the knife used in the assault on Evening when the robbery took place; therefore, it was properly admitted in evidence. United States v. Rabinowitz, 339 U.S. 56, 70 S.Ct. 430, at page 434, 94 L.Ed. 653.

McIntosh's requested Instruction No. 1 was as follows: "You are instructed, ladies and gentlemen of the jury, that intent cannot be presumed but must be shown to exist by competent evidence, and beyond a reasonable doubt, and must be proved beyond a reasonable doubt by competent evidence to the same extent as any other material element of the crime charged."

The learned trial court instructed the jury that the material issues and allegations of the information had to be proved beyond a reasonable doubt in Instruction No. 4; that intent was one of the material allegations and in connection therewith gave Instructions No. 2 and No. 4 and quoted Sections 18–114 and 18–115, I.C., and thereby, with the instructions given, fully covered the thought proposed in the request defining intent and that it had to be proved beyond a reasonable doubt, and there was no error in the refusal thereof.

Appellants' requested Instruction No. 2 is as follows:

"You are instructed that regardless of the fact that the defendants, James Robin-

son, Roy Canon and Ozzie McIntosh, are charged together on the same Information with the offense of Robbery, they are to be regarded as each standing trial separately and you are instructed to regard them each separately in making your finding as to their guilt or innocence.

"You will be handed a verdict with each of the defendant's names thereon, and you will make your finding as to each."

As indicated above, the evidence clearly showed the appellants and McIntosh were all principals. Therefore, the request was fully covered in Instruction No. 6 and particularly in the last paragraph of Instruction No. 10: "On the other hand, if you should find that the State has failed to prove beyond a reasonable doubt each and every of these material allegations of the information, or if after having fairly and impartially considered all of the evidence herein you entertain a reasonable doubt as to the State's having so proven each and every of these material allegations, then you should find the defendants, and each of them, not guilty."

The instructions given, taken together, properly and sufficiently stated the applicable law for the proper guidance of the jury as appears by a comparison with those approved in State v. Brill, 21 Idaho 269, 121 P. 79; State v. Huff, 56 Idaho 652, 57 P.2d 1080.

The circumstances detailed above show the jury was amply justified in concluding the three defendants were together and acting in concert in attempting to get into the room occupied by the Evenings, get the Evenings out of the room, and in the first instance possibly attempting to extort money from them for the room, then taking by force and violence the $13, which constitutes robbery, and that they were all occomplices and, therefore, principals and properly prosecuted together as such. Sections 18–204 and 19–1430, I.C.; State v. Curtis, 30 Idaho 537, 165 P. 999; State v. Bull, 47 Idaho 336, 276 P. 528; State v. Wilson, 51 Idaho 659, 9 P.2d 497; State v. Kleier, 69 Idaho 278, 206 P.2d 513; State v. Ayres, 70 Idaho 18, 211 P.2d 142.

No error appearing in the record, the judgment is affirmed.

PORTER, TAYLOR, THOMAS, and KEETON, JJ., concur.