### COMMONWEALTH *vs.* JEREMIAH MARTIN.

A police officer whose duty is defined by the by-law under which he is appointed as " to superintend the police of the town, and to notice all offences against the by-laws of the town, and to cause prosecutions to be commenced against all offenders against the same," is not restricted thereby to serving warrants issued on complaints for offences against such by-laws only.

A police officer authorized " to superintend the police of" a certain town, has authority under the Gen. Sts. *c.* 18, §§ 38, 69, to apprehend in any place within the Commonwealth a person on a warrant issued against him for an offence alleged to have been committed within that town.

A warrant dated on the " twenty-third " day of a certain month is not invalid by reason of the word " third" being written above the word " second," which is obliterated by drawing a line of ink horizontally across it.

INDICTMENT for assault and battery on Stillman A. Biathrow.

At the trial in the superior court, before *Ames*, C. J., it appeared that in March 1867 Biathrow was regularly appointed a police officer under the following by-law of Stoneham : " There shall be annually appointed, in the month of March, by the selectmen, three or more suitable persons police officers, who shall hold their offices for one year and until others are appointed in their stead, unless sooner removed, whose duties shall be to superintend the police of the town, and to notice all offences against the by-laws of the town, and to cause prosecutions to be commenced against all offenders against the same."

And it further appeared that Biathrow, on April 23, 1867, at Melrose, having in his possession, as he asserted, a warrant for the arrest of the defendant, issued on a complaint for firing a gun on the Lord's day, notified him to go before a certain magistrate who was waiting to hear the case, and, upon his refusa,

to comply with the notice, attempted to take him before the magistrate by force, and was resisted and injured by him in the attempt.

The complaint and warrant, which were introduced in evidence, alleged the commission of the offence in Stoneham, and bore date on said "twenty-third day of April," but the word "third" was written on a level above a word obliterated by drawing a line of ink across it horizontally, which appeared to be the word "second." Otherwise, they were in the usual form.

The defendant contended that Biathrow, under the by-law of Stoneham above quoted, had not the power of a constable or police officer generally, but only a limited authority to enforce the by-laws of that town; and further, that, not being an officer of Melrose, he had no right to serve a warrant there; but the judge overruled the objection to the competency of Biathrow as a police officer generally, and further ruled that by virtue of the Gen. Sts. c. 18, § 69, he had a lawful right to apprehend the defendant in Melrose. And, notwithstanding the obliteration apparent on the face of the warrant, and testimony by the defendant that it was dated originally on April 21, (which was the Lord's day on which the offence therein set forth was alleged to have been committed,) and was subsequently altered, the judge ruled that the warrant was competent, and the arrest was legal, and the defendant had no right to resist it.

The jury returned a verdict of guilty; and the defendant alleged exceptions.

*A. V. Lynde*, for the defendant.

*C. Allen*, Attorney General, for the Commonwealth.

BIGELOW, C. J. 1. The police officer was authorized to serve the warrant. He was not restricted by the by-laws of the town for which he was appointed, to the service of warrants issued on complaints for offences against the provisions of such by-laws. He was also authorized " to superintend the police of the town." This language is sufficiently broad to include an authority to exercise his powers as a police officer for the arrest of a person who had committed a misdemeanor within the limits of the town, (Gen. Sts. c. 18, § 38,) although after the commission of

the offence he left the town, and was found and arrested else-where. Ib. § 69.

2. There is nothing on the face of the original warrant to show that it was not duly issued on the twenty-third day of the month, which was not Sunday. It was regular and suffi-cient on its face, and fully authorized the arrest of the defendant named therein. Resistance to the arrest was therefore unlaw-ful. *Exceptions overruled.*\*

---

\* A similar decision was made in the case of COMMONWEALTH *vs.* LEVI MARTIN, argued at the same time with the foregoing case, by the same counsel