(January 19, 1921.)

## SAM THOMAS, Plaintiff, v. H. P. GLINDEMAN, Mayor of the City of Coeur d'Alene, Defendant.

[195 Pac. 92.]

MUNICIPAL FINANCES — PETITION FOR ADDITIONAL APPROPRIATION — FINDING OF COUNCIL—ORDINANCE—ORDINARY AND NECESSARY EXPENSES.

1. Under the provisions of C. S., sec. 4053, prescribing as a condition for an additional appropriation by a city council that it shall first be sanctioned by a majority of the legal voters of the city, either by a petition signed by them or at a general election called for that purpose, a finding by the council that such petition was signed by a majority of the legal voters is presumptively correct.

2. In the absence of an election called for the purpose, as provided by C. S., sec. 4053, there is no way other than by a petition signed by a majority of the legal voters of the municipality for the council to determine whether a majority of such legal voters favor such additional appropriation.

3. From the agreed statement of facts presented in the case at bar it appears that a majority of the persons who voted at the last biennial city election signed the petition presented to the city council, and there is no evidence that the signers of the petition did not constitute a majority of the legal voters of the city.

4. The indebtedness incurred by the city for work done by plaintiff upon the streets of the city was an ordinary and necessary expense, authorized by the general laws of the state, and it does not fall within the inhibition of art. 8, sec. 3, of the constitution.

5. An expense is ordinary if in the ordinary course of the transaction of municipal business, or the maintenance of municipal property, it may be and is likely to become necessary.

Original application for writ of mandate. *Granted.*

Robert D. Leeper, for Plaintiff.

The term "legal voters" simply provides a rule of evidence upon which the court can base its findings; the same is not conclusive, and any person who possesses the qualification of an elector is entitled to sign such a petition. (*Wilson v. Bartlett,* 7 Ida. 271, 62 Pac. 416.) The signers to this petition state over their signature that they are legal voters of the city of Coeur d'Alene. Until it is shown otherwise, their statement makes a *prima facie* case and a sufficient showing is made.

The statute does not state from what record and in what manner the number of legal voters in the city should be ascertained. Inasmuch as the record of voters of the last biennial city election is the only record of legal qualified voters in the city, it seems reasonable that that should be taken as the basis of computation, which was done by the city council. The council has found that a majority of those voting at the last biennial election signed this petition. This is sufficient in itself under the decision of *Lippincott v. Carpenter,* 22 Ida. 675, 127 Pac. 557.

Fred D. Crane, for Defendant.

BUDGE, J.—This is an original application to this court for a writ of mandate to require the mayor of the city of Coeur d'Alene to sign a city warrant issued in favor of plaintiff in payment of a claim authorized by the city council for work and labor done by plaintiff upon the streets of the

city, the warrant having been drawn and signed by the city clerk and presented to the defendant as mayor, who refuses to sign the same.

An alternative writ of mandate was issued and the defendant filed his answer thereto. The facts, which are stipulated, so far as pertinent are briefly as follows:

On or about June 14, 1920, the city council passed an annual appropriation bill known as Ordinance No. 548, in which $15,120 was appropriated for current expenses of the city for the fiscal year of 1920–21. On or about December 1, 1920, this appropriation became exhausted and the mayor and council refused to contract for the ordinary and necessary municipal expenditures in the absence of an appropriation; leaving the city without proper police, fire and health protection, with its streets and alleys dangerous to public travel by reason of the accumulation of snow and ice thereon, and the health of the inhabitants of the city endangered.

As a result of these conditions, a petition signed by 516 persons was filed with the city council on the latter date, requesting that an additional appropriation of $3,250 be made, to pay the ordinary and necessary current expenses of said city for the balance of the fiscal year. The council accordingly, at a regular meeting held on December 13, 1920, passed Ordinance No. 560, which was thereafter approved by the defendant as mayor.

The only ground upon which the mayor defends against the issuance of the peremptory writ of mandate is that a majority of the legal voters of the city had not signed said petition; therefore the city council was without jurisdiction to pass the ordinance providing for the extra appropriation, and could not lawfully incur expenditures over and above the amount provided for current expenses in the annual appropriation for the fiscal year of 1920–21.

Ordinance No. 560 was passed by the city council under the provisions of C. S., sec. 4053, which provides:

"The city councils of cities . . . . . shall, within the first quarter of each fiscal year, pass an ordinance to be termed the annual appropriation bill, in which such corporate

authorities may appropriate such sum or sums of money as may be deemed necessary to defray all necessary expenses and liabilities of such corporation, not exceeding in the aggregate the amount of tax authorized to be levied during that year. . . . .

"Such ordinance shall specify the object and purposes for which such appropriations are made, and the amount appropriated for each object or purpose.

"No further appropriation shall be made at any other time within such fiscal year unless the proposition to make each appropriation has been first sanctioned by a majority of the legal voters of such city or village, either by a petition signed by them or at a general election duly called therefor, and all appropriations shall end with the fiscal year · for which they were made."

The city council found as a fact that the petition was signed by a majority of the legal voters of the city of Coeur d'Alene. Such finding is presumptively correct.

In the absence of an election called for the purpose, as provided for under the provisions of sec. 4053, *supra,* there is no way other than by a petition signed by a majority of the legal voters for the council to determine whether a majority of such qualified voters favor such additional appropriation.

In the case of *Wilson v. Bartlett,* 7 Ida. 271, 62 Pac. 416, it was held that the term "legal voter" simply provides a rule of evidence upon which the court can base its findings and that the same is not conclusive, the court holding that: "When a petition is presented to a court for the removal of a county seat, and all of the signers to said petition state, over their signatures, that they are qualified electors of such county, the petitioners make a *prima facie* case, and no further evidence of the qualifications of such signers is required, unless a contestant appears as provided by law, and enters his contest. That being true, the court would have been justified in finding, without further proof, that all of the signers to said petition were qualified electors." (*Lippincott v. Carpenter,* 22 Ida. 675, 127 Pac. 557; *Greene v. State*

*Board of Canvassers,* 5 Ida. 130, 95 Am. St. 169, 47 Pac. 259.)

From the stipulation in the case at bar it appears that the number of persons who voted at the last biennial city election was 319, a majority of whom signed the petition presented to the city council. It further appears that the petition was signed by 516 persons, and there is no evidence that the signors of the petition did not constitute a majority of the legal voters of such city.

We are, therefore, of the opinion that the record shows a compliance with the provisions of sec. 4053, *supra,* and that the ordinance upon its passage became a valid ordinance.

We are also of the opinion that the indebtedness incurred was an ordinary and necessary expense, authorized by the general laws of the state, and does not fall within the inhibition of art. 8, sec. 3, of the constitution. The annual appropriation being exhausted, it was imperative that the council provide for funds to keep the streets in a safe condition for public travel, to protect the health of the inhabitants of the city, to afford adequate fire and police protection, and to meet such ordinary and necessary expenses of city government as might arise until the end of the fiscal year. An expense is ordinary if in the ordinary course of the transaction of municipal business, or the maintenance of municipal property, it may be and is likely to become necessary. (*Dexter Horton T. & S. Bank v. Clearwater County,* 235 Fed. 752.)

From what has been said it follows that the peremptory writ should issue, and it is so ordered. Costs are awarded to plaintiff.

Rice, C. J., and McCarthy, Dunn and Lee, JJ., concur.