WRIGHT v. LEE et al.

No. 6347.   Decided October 21, 1941.   (118 P. 2d 132.)

See 16 C. J. S., Constitutional Law, sec. 94; 20 Am. Jur., 634.

*D. H. Oliver,* of Salt Lake City, for appellant.

*A. Pratt Kesler, Gerald Irvine,* and *E. R. Christensen,* all of Salt Lake City, for respondent.

MOFFAT, Chief Justice.

On the 6th day of November, 1940, Corbet H. Wright, plaintiff and appellant, filed a complaint in the District Court of the Third Judicial District in Salt Lake County, State of Utah, alleging, inter alia:

"3. That on or about the 29th day of December, 1939, the plaintiff was lawfully and peacefully in his home at 718 South 1st West Street, Salt Lake City, Utah, and that as part of a malicious scheme to persecute plaintiff, the defendants compelled plaintiff to go with them to the police station at Salt Lake City, and there imprisoned him, and there detained him restrained of his liberty in the City Jail of Salt Lake City for a period of about five days without probable cause and without any right or authority whatsoever so to do, and against the will of plaintiff, thereby causing the plaintiff great and unusual mental anguish, embarrassment and humiliation, to his damage in the sum of Twenty-five Thousand and no/100 ($25,000.00) Dollars.

"4. That in so imprisoning plaintiff, defendants acted wilfully, wantonly, and maliciously, and by reason thereof, are liable in punitive or exemplary damages in the sum of Five Thousand and no/100 ($5,000.00) Dollars.

"II.

"For a separate and distinct cause of action against the defendants, plaintiff alleges:

"1. That on or about the 2nd day of January, 1940, while plaintiff was still being held in jail as alleged in plaintiff's first cause of ac-

tion, and as a part of the same transaction, the defendant caused a complaint to be issued in the City Court of Salt Lake City, Utah, charging this plaintiff with the crime of robbing one, Vivian Shealey; that at the time of making said complaint, the defendants well knew that the plaintiff was not guilty of such an offense, and that the plaintiff was required to furnish bail and employ counsel to obtain his release and defend himself against such false charges to his damage in the sum of $500.00;

"2. That afterwards, to wit, on or about the 9th day of February, 1940 in the regular course of procedure in such cases, made and provided for, plaintiff was tried in the District Court of Salt Lake County, by a jury in said court and acquitted of the premises charged in said complaint against him; whereupon, it was then and there adjudged by said court that said plaintiff go hence without day, and plaintiff was then and there discharged from the premises in said complaint, specified as by the record and proceedings thereof remaining in said court appears;

"3. That many persons whose names are unknown to the plaintiff hearing of said complaint and reading reports thereof in the daily newspaper in Salt Lake City, supposed the plaintiff to be a criminal and have ceased to do business with him, and as a consequence of said complaint, plaintiff lost his employment and has been otherwise injured in his good name and reputation, whereby and by means whereof, plaintiff has sustained damages in the sum of $25,000.00;

"4. That in so prosecuting plaintiff, defendants acted wilfully, wantonly and maliciously, and by reason thereof, are liable in punitive or exemplary damages in the sum of $5,000.00.

"III.

"For a third cause of action against the defendants, plaintiff alleges:

"1. That on or about the 7th day of July, 1940, the defendants, in furtherance and continuance of their original scheme and design to harass, intimidate and persecute this plaintiff, did, then and there without just cause or excuse, in Salt Lake City, Utah, make an unlawful assault upon this plaintiff and he, the said plaintiff, did then and there beat, wound and ill-treat by striking plaintiff several blows on his head and body, with their fists and feet; that plaintiff thereby was wounded and is, and for a long time will be, sick, and has suffered and still suffers great bodily pain and discomfort from said wounds; that plaintiff was especially wounded in his left eye; that plaintiff was disabled thereby from attending his work for several days thereafter; that in the treatment and necessary care of said wounds he has been compelled to employ physician's services in

the sum of Fifty and no/100 ($50.00) Dollars; that he has been injured in the premises in the sum of Ten Thousand and no/100 ($10,000.00) Dollars.

"2. That in so assaulting plaintiff, defendants acted wilfully, wantonly, and maliciously, and by reason thereof, are liable in punitive or exemplary damages in the sum of Five Thousand and no/100 ($5,000.00) Dollars.

"IV.

"For a fourth cause of action against the defendants, plaintiff alleges:

"1. That on or about the 8th day of July, 1940, the defendants swore out an affidavit against this plaintiff accusing him of being insane, in the District Court of Salt Lake County, State of Utah, Case No. 3474; that afterwards on the 9th day of July, 1940, a hearing was had before the Honorable M. J. Bronson of said court on said affidavit by due course of law and upon said hearing said affidavit was dismissed and the plaintiff herein discharged as now appears from the record of the proceedings in said case; That by reason of said affidavit and as a result thereof, plaintiff has suffered great humiliation, embarrassment, mental anguish and to his damage in the sum of Ten Thousand and no/100 Dollars; That the defendants knew or should have known that plaintiff was not insane, but that they made such accusations solely for the purpose of humiliating his plaintiff, embarrassing and intimidating him;

"2. That in so prosecuting plaintiff, defendants acted wilfully, wantonly, and maliciously, and by reason thereof, are liable in punitive or exemplary damages in the sum of Five Thousand and no/100 ($5,000.00) Dollars;".

The defendants and respondents, Fred Lee, Lee Rogers, and A. C. Randall, filed, on February 27, 1941, a notice of motion and moved the court to dismiss the complaint on the ground and for the reason that plaintiff failed to file a written undertaking in compliance with Chapter 148, Laws of Utah, 1937.

In support of the motion Gerald Irvine was duly sworn as a witness for and on behalf of said defendants and testified as follows:

"My name is Gerald Irvine. I represent Salt Lake City, Assistant to City Attorney of Salt Lake City, and I appear in this action as the attorney for Fred Lee, Lee Rogers, and A. C. Randall. I am

personally acquainted with those three men and have been for some time. They are employed by Salt Lake City as regular police officers and have been for some time prior to the matters and things set out in the complaint in this action. I know they were acting in their official capacity at the time he was detained, but I can't of my own knowledge say that they held this man in their official capacity, but I know they were acting as police officers."

"The Court. In any other capacity would they have access to the jail?

"They would not."

The motion to dismiss the complaint was granted. The plaintiff appealed.

In an action against a marshal and the surety on his bond for false arrest where the plaintiff had failed to file with the complaint the undertaking provided ■ for by Chapter 148, Laws of Utah, 1937, this court held:

"We think the legislature intended to make the requirement so positive and unequivocal as to require the court to dismiss the suit if the bond was not filed at least contemporaneously with the complaint if motion to dismiss was timely made." *Kiesel et al.* v. *District Court of Sixth Judicial Dist. in and for Sevier County et al.*, 96 Utah 156, 84 P. 2d 782, 784.

The instant case differs from the cited case, in that in the Kiesel case, the action was against the officers, as officers, and was also against the officers' bondsman. The instant case is an attempt to sue the defendants, not as officers, but as private individuals and the complaint evidences a studious attempt to limit this action to a private personal suit for which the bond of the officers could not be looked to for relief.

Chapter 148, Laws of Utah, 1937, reads:

"In any action brought against any sheriff, constable, peace officer, state road officer, or any other person charged with the duty of enforcement of the criminal laws of this state, or service of civil process, when any such action arises out of, or in the course of, the performance of his duty, or in any action upon the bond of any such officer,

the prevailing party therein shall, in addition to an award of costs as otherwise provided by law, recover from the losing party therein such sum as counsel fees as shall be allowed by the court. The official bond of any such officer shall be liable for any such costs and attorney fees. Before any such action is filed, and as a condition precedent thereto, the proposed plaintiff shall prepare and file with, and at the time of filing, the complaint in any such action, a written undertaking with at least two sufficient sureties in an amount to be fixed by the court, conditioned upon the diligent prosecution of such action, and, in the event judgment in the said cause shall be against the plaintiff, for the payment to the defendant of all costs and expenses that may be awarded against such plaintiff, including a reasonable attorney's fee to be fixed by the court."

The defendant's only evidence that they were officers performing or acting within the course of, the performance of their duty was given by the assistant city attorney and it was in the form of the conclusion:

"I know they were acting in their official capacity at the time he was detained, but I can't of my own knowledge say that they held this man in their official capacity, but I know they were acting as police officers"

and to the question if they would have access to the jail in any other capacity, he answered, "They would not."

The testimony must show by the facts, and not by conclusions as herein introduced, that the officers were acting in their official capacity. On defendants' own theory they must fail for lack of evidence.

The constitutionality of the statute cannot be passed on, upon this appeal as the action was instituted as a personal action and there is no evidence to invoke the application of the statute.

There being no evidence to support the motion of the defendants, the motion fails. The action of the trial court is reversed, the granting of the motions is set aside and the cause remanded. Costs to appellant.

LARSON, McDONOUGH, and PRATT, JJ., concur.

WOLFE, Justice (concurring).

I concur in the order reversing and remanding.

The first cause of action of the complaint nowhere shows that the defendants were acting as policemen nor that they were acting within their tour of duty as policemen, or in the performance of their duty, or even as purported policemen, or in a purported capacity of police officers. For aught that is shown the defendants were private citizens and may never have acted as police officers. Nor does it appear that the act of causing a complaint for robbing one Vivian Shealey, as charged in the second cause of action, was done in the course of or performance of the officers' duty. Nor do the third and fourth causes of action reveal any hint that the acts alleged therein were performed in the course of the performance of duty of the defendants as police officers. In such case the defendants, in order to show that the condition precedent to the bringing of the action has not been performed, must by motion request inquiry be made into the question of whether or not the defendants were acting in the course of their duties as police officers and offer evidence to show that such was the case.

What was the evidence here shown? That Gerald Irvine, assistant to the City Attorney, knew the defendants "were acting in their official capacity at the *time* he [plaintiff] *was detained.*" (Italics added.) In the absence of a motion to strike this evidence as a conclusion it could stand as evidence but only as evidence of the fact purported to be testified to and that was that the defendants were acting as police officers at the time plaintiff was detained. The plaintiff was "detained" for a period of five days according to the allegation of the first cause of action. This is the only cause of action based on the detention. But a statement that a defendant was acting in his official capacity as a police officer during or at the time a plaintiff was detained is not evidence that the defendant arrested or detained or kept plaintiff imprisoned as part of, or in the

course of, or in performance of his duties as a police officer. In this case, defendants might, during the five days of detention, often have been acting as police officers, but, did they arrest, or were they keeping plaintiff in prison in performance of their duties, is the question for inquiry. Ordinarily we might give the evidence of Irvine the benefit of all its possible intendments, but in legislation as drastic as this, which requires a person at the very time of filing his complaint to file therewith an undertaking and thus place burdens upon him which may result in a practical prohibition against bringing any suit at all, the court should require definite and satisfactory evidence that the defendants at the time of the alleged wrongful acts were acting in the course of, or in performance of their duties in this sort of case.

At this time we are only concerned with the order dismissing the action and not with the sufficiency of the pleadings. It may well be that the legislature may constitutionally require suits against peace officers to be accompanied by a bond protecting them for costs, etc. The legislature evidently considered it good public policy to take from peace officers acting in line of duty, any fear of ultimately finding themselves mulcted with costs for defending suits against them arising out of or in the course of the performance of their duties, even in the light of the greater public policy of not hampering the free access to the courts of all individuals for the redress of alleged wrongs. I cannot say, nor is it now necessary to say, that this consideration would not be a valid basis for classification of actions as was accomplished by Chapter 148, Laws of Utah, 1937.