## WRIGHT v. LEE et al.

No. 6577.   Decided May 27, 1943.   (138 P. 2d 246.)

See 20 C. J. S., Costs, sec. 126; 14 Am. Jur., 26.

*D. H. Oliver,* of Salt Lake City, for appellant.

*E. R. Christensen, Homer Holmgren,* and *A. P. Kesler,* City Attys., and *E. M. Morrissey,* all of Salt Lake City, for respondents.

MOFFAT, Justice.

This case is here on a second appeal. Both appeals are from the order of the District Court dismissing plaintiff's complaint for failure to file a bond as security for costs and attorney's fees, on motion of defendants Lee, Rogers and Randall. The allegations of the amended complaint are the same as those involved in the former appeal. The dismissal

is based upon Sec. 104-44-22, U. C. A. 1943. The allegations of the amended complaint and the section of the statute are quoted at length in the former opinion, 101 Utah 76, 118 P. 2d 132.

Appellant presents four questions: (1) Failure of the trial court to separately state its findings of fact and conclusions of law. (2) The judgment is not supported by the evidence.

(3) "Chapter 148, Laws of Utah, 1937 (now Sec. 104-44-22, U. C. A. 1943) does not protect officers from acts committed outside the scope of their official duty." (4) "When a peace officer goes outside the scope of his duty and commits torts he is not entitled to protection on account of his office, but is liable the same as a private individual."

As to point numbered (1), no attempt was made by the court to make findings of fact or conclusions of law. The matter came before the trial court upon a motion to dismiss. The court entered what is entitled a "Judgment of Dismissal."

The charge that the court failed to separately state findings of fact and conclusions of law may not be denied. The statute provides:

"In giving the decision the facts found and the conclusions of law must be separately stated   *   *   *." Sec. 104-26-3, U. C. A. 1943.

This section has been construed by this court many times, and applied both as to form and substance. The requirement as to separate statement of findings of fact and conclusions of law is directory although the statute says they must be separately stated. *Consolidated Wagon & Mach. Co.* v. *Kay,* 81 Utah 595, 21 P. 2d 836.

It is not easy at times to draw a sharp line between a finding of fact and a conclusion, especially of a statement of an ultimate fact. The function of a finding of fact is to furnish a basis from which a conclusion may be drawn. The trial court should therefore make findings of fact on all material

issues. *Piper* v. *Hatch*, 86 Utah 292, 43 P. 2d 700, and cases cited.

The difficulty arises in the instant case to find any material findings of fact in the "Judgment of Dismissal." The trial court found "that Fred Lee, Lee Rogers and A. C. Randall were at all times mentioned in the complaint of plaintiff, peace officers." No issue is raised by the complaint as to whether defendants were or were not peace officers. At the hearing, counsel for plaintiff promptly conceded and stipulated that Lee, Rogers and Randall were police officers of Salt Lake City. Following the above quoted statement, the court then said they were "charged with the duty of enforcement of the criminal laws of Utah and that at the times and places mentioned" they "were acting as such peace officers and the action * * * arose out of or in the course of the performance of the duty * * * as peace officers to enforce the criminal laws in the State of Utah." No facts are found upon which to base these conclusions. A peace officer is, as a matter of law and his oath of office, bound to perform the duties imposed upon him. The assignment does not raise the question that no finding was made or that it was insufficient. The judgment of dismissal is in the language of the affidavits of defendants, and substantially the affidavits and testimony are the same.

The motion is made "to dismiss the complaint of plaintiff on the ground and for the reason that plaintiff has failed to file a written undertaking in compliance with Chapter 148, Laws of Utah 1937" (Sec. 104-44-22, U. C. A. 1943). It was further stated the motion will be based upon the records and files, the affidavits "and evidence."

There are two admissions. One is that the undertaking was not filed, and the other is that the defendants were police officers of Salt Lake City. These two facts are not sufficient to support a judgment of dismissal. They are immaterial as there are no allegations in the complaint as to either.

That "the judgment is not supported by sufficient evidence" follows as of course. "A" may bring a suit against

"B" for assault, slander, libel, malicious prosecution, false imprisonment, or other tort without filing a bond. May it be said that "B," as a matter of course, can have such action dismissed on motion by merely showing that he was a peace officer at the times alleged and no bond has been filed? The answer is self-evident. But when "B" also says that the acts done or things said were in the course of his duty, he then states a conclusion. Had "B" stated the relevant facts that bring him within his conclusion, a different situation would be presented. In the instant case no facts were stated. What law were the officers proceeding to enforce? Had an offense been committed in or out of the presence of an officer? By what law or circumstances authorizing them to do anything were they doing what they are charged with in the complaint? Had a warrant of arrest been issued? Had a complaint been filed? What facts show a felony had been committed, or that the parties charged were authorized to do what they were charged with doing, or that they had any grounds for acting?

An arrest may be made by a peace officer or by a private person. It must be done in the manner authorized by law. Sec. 105-13-1, U. C. A. 1943. In the instant case what law were the peace officers enforcing or attempting to enforce? No showing was made that an offense had been committed in the presence of the officers, or that a felony had actually been committed, nor were any facts shown to justify the conclusion that they were acting as peace officers or in the enforcement of any law. The authority and the circumstances under which peace officers may arrest are in general set out in Sec. 105-13-3, U. C. A. 1943, et seq. Fresh pursuit and retaking after escape or rescue have no place in this discussion.

The word "arrest" does not appear in the complaint. The allegation that "the defendants compelled" may be a characterization of a similar process. The allegations of the first cause of action are of the nature of those used in a false arrest or false imprisonment; the second cause, of malicious

prosecution; the third, for assault and personal injuries; and the fourth, upon an inquisition as to sanity.

The third point raised on this appeal and hereinbefore quoted is that Chap. 148, Laws of Utah 1937, (Sec. 104-44-22, U. C. A. 1943) "does not protect officers from acts committed outside the scope of their official duty." This states a truism. No person is protected against his torts by the chapter. The issue is, was there a tort committed? The complaint alleges there were torts committed by certain named individuals. That is as far as the complaint goes.

The fourth assignment states merely a proposition about which there should be no difference of opinion. It is:

"When a peace officer goes outside the scope of his duty and commits torts he is not entitled to protection on account of his office, but is liable the same as a private individual."

The constitutionality of the statute requiring a bond to be filed as a condition precedent is argued in the briefs by both appellant and respondents. Appellant merely says, "Chapter 148, Laws of Utah 1937, is void." The validity of the statute was not presented to the trial court. It may be the trial court was of the opinion the statute applied if a suit was brought against any peace officer, if a showing was made that the defendant was a peace officer, and that such showing required a dismissal. If such was the trial court's view, we think it was giving a meaning to the statute not found in it.

We shall refer to the statute as it now appears in the Utah Code Annotated 1943, as Sec. 104-44-22. The section reads:

"In any action brought against any sheriff, constable, peace officer, state road officer, or any other person charged with the duty of enforcement of the criminal laws of this state, or service of civil process, when any such action arises out of, or in the course of, the performance of his duty, or in any action upon the bond of any such officer, the prevailing party therein shall, in addition to an award of costs as otherwise provided by law, recover from the losing party therein such sum as counsel fees as shall be allowed by the court. The official bond of any such officer shall be liable for any such costs and attorney fees. * * *"

Had the section ended thus with the words "attorney fees," this case would not have arisen, nor would the case of *Kiesel et al.* v. *District Court*, 96 Utah 156, 84 P. 2d 782. It is the last sentence of the section, not quoted above, to wit: "Before any such action is filed" etc., that appears to have been construed as though the words, "when any such action arises out of, or in the course of, the performance of his duty," were not in the statute. It takes more than the fact of official position to make the last sentence of the section applicable. It must either be alleged in the complaint or shown by proof that the acts were official or so related thereto as to establish official immunity.

The statute does not require the filing of a bond "in any action brought" against any person who happens to be a peace officer. The statute cannot be construed as a cloak to protect any peace officer by a bond as a condition precedent merely because of his official position and to prevent his being sued without the bond for personal wrongs having no relation to his official duties. Officers should be protected to the limit within the performance of their authorized acts and imposed duties.

The language of the statute requires a bond only "when any such action arises out of, or in the course of, the performance of his duty." There is not a word in the complaint about any of the defendants being officers of any of the classes mentioned in the statute, nor is there any mention of any "bond" of such officer, nor that any of the wrongs against plaintiff were in any way related to any officer while in "the performance of his duty."

The case of *Kiesel et al.* v. *District Court,* supra, on certiorari to this court raised the question of jurisdiction of the trial court to proceed with the trial of an action against public officers after denying a motion to dismiss the complaint for failure to file a bond under Sec. 104-44-22, supra. In the Kiesel case the suit upon which the certiorari proceeding was based was one against the city marshal of Salina, Utah, and his deputy and the surety upon their bonds. We

held that the failure to file a bond before or at the time of filing the complaint did not deprive the court of jurisdiction to proceed. That case differs from the instant case in that the instant case does not purport to be a suit against public peace officers or upon their bonds.

We are of the opinion the statute has not shut the door against the right to bring an action against any person, official or otherwise, for a wrong committed and not alleged to have any relation to or connection with official duties. It must therefore follow that the judgment of dismissal was erroneous. The cause should be reinstated. Such is the order. Costs to appellant.

LARSON, J., concurs.

McDONOUGH, Justice.

I concur in the result for the reasons stated in the concurring opinion of Mr. Justice WADE.

WADE, Justice (concurring in result).

I concur with the result reached by Justice MOFFAT.

Section 104-44-22, U. C. A. 1943, provides that in any action brought against any person charged with the duty of enforcement of the criminal laws, "when such action arises out of, or in the course of, the performance of his duty," the plaintiff shall file a written undertaking. Could an action arise out of the performance of his duty by a police officer? It seems to me that the Legislature intended that the actions of the police officer, for which he is sued, must arise out of, or be in the course of the performance of his duties. Both parties seem to have so construed the statute.

In this case plaintiff did not allege that the defendants were police officers, nor that their actions arose out of, or in the course of the performance of their duty, so the defendants alleged those facts in affidavits and made a motion to dismiss the action, because the plaintiff had failed to file

an undertaking provided for in the above statute. The statute requires the undertaking to be filed when the necessary facts exist and does not limit it to cases where the plaintiff's complaint discloses the necessary facts. It was therefore proper to raise this question upon motion and affidavits.

The only questions raised on these motions were: (1) Were the defendants charged with the enforcement of the criminal laws? and (2) were the acts of defendants, of which plaintiff complains, committed in the course, or arose out of, the performance of their duty in enforcement of the criminal laws? If the answers to each of these questions are in the affirmative then this action must be dismissed. Plaintiff concedes that the defendants were officers charged with the enforcement of the criminal laws, so the answer to the second question will be determinative of this case.

I believe the affidavits, although somewhat in the nature of a conclusion, were sufficient to raise this issue, and I also believe that while the findings and the conclusions could have been separated better, yet this case should not be reversed on that ground. I cannot, however, agree that the facts disclosed by the evidence were sufficient to justify the decision. I am also of the opinion that the court erred in excluding evidence which had a material bearing on the issues in this case, and misconstrued the law applicable thereto.

We should bear in mind that the hearing on this motion was a final hearing, and not in any sense preliminary or interlocutory. The defendants, having alleged the facts, have the burden of proving them by a preponderance of the evidence. This being a law action, we will not determine the weight of the evidence, but there must be substantial evidence to support the findings of the court.

The defendants' evidence merely shows that they were police officers, and as such were instructed by their superior to make an investigation of the plaintiff, in connection with the writing of certain letters and with certain robberies, and that they made the arrest. They further testified that

all the acts, alleged in the complaint, which they did, were done pursuant to and in furtherance of the instructions of their superior, and arose out of, or were in the course of the performance of their duty as such officers. The testimony on the matters stated in the last sentence were the bald conclusions of the witnesses, and no facts or circumstances in support thereof were given. In fact, the court expressly excluded such testimony. The mere fact that they were officers and were instructed to make an investigation of the plaintiff does not prove that the acts that they did were done in the course of the performance of their duty, nor does it prove that their acts arose out of the performance thereof. Nor is this shown by the conclusion to that effect. Such testimony may be admissable to show the purpose of the witnesses in committing the acts, still that question must be ultimately determined by the court from all of the facts and circumstances surrounding the commission of the acts in question. These facts not being disclosed, the evidence is insufficient to justify the decision.

The court seemed to conclude that as long as the defendants were officers, and purporting to act as such, no matter how far they went beyond their duty, still plaintiff was required under the statute to furnish an undertaking. Apparently on this theory, all the evidence of the facts and circumstances surrounding the acts complained of were excluded. The court stated that it was not interested in whether the defendants acted in good or bad faith, or with or without malice, or whether they acted reasonably. It intimated that it was immaterial even though they were merely "masquerading under the guise of police officers," and made the arrest knowing the plaintiff was guilty of no offense. If I have correctly interpreted the statute, it was necessary for the defendants to show either that they acted in the course of the performance of their duty as police officers, or if their acts did go beyond that course, still their acts must arise out of the performance of such duty. Other-

wise the plaintiff was not required to furnish an undertaking.

WOLFE, Chief Justice (dissenting).

In the case of *Kiesel* v. *District Court,* 96 Utah 156, 84 P. 2d 782, 784, it was stated:

"But we think the legislature intended to make the requirement so positive and unequivocal as to require the court to dismiss the suit if the bond was not filed at least contemporaneously with the complaint if motion to dismiss was timely made."

I refer to my concurring opinion in the former appeal of this case, 101 Utah 75, 118 P. 2d 132. I called attention to the fact that where the complaint did not show that the defendants were peace officers or, if it so showed, did not reveal that the conduct sued on arose out of or in the course of performance of his duty, the only way the defendants had to raise the question of whether a bond should have been given as a condition of suing was to make a motion for dismissal on the ground that the suit was based on conduct committed while in the course of the performance of his duty, etc., and introduce evidence of such facts. I do not think this case raises the question of "official immunity." The question before us is not on the merit of the pleadings or the liability of the defendants but on the question of whether under Sec. 104-44-22, the complaint was properly filed. This depends on whether a bond for costs should have been simultaneously filed. This in turn depends upon two questions —(a) Was the defendant a peace officer as included in the class specified in Sec. 104-44-22? (b) If so, was he in the course of the performance of his duties when he committed the alleged act, or did the action arise out of the performance of his duty? This is the issue on the motion. The court should hear the evidence on those questions and make his findings and conclusions thereon. If he concludes that the evidence shows the defendant was a peace officer and the acts complained of did arise out of or in the course the perform-

ance of his duty, he should dismiss the complaint. This leads directly into the question as to whether the findings did so find and whether there was evidence to support them.

The findings appear to contain the ultimate facts necessary to sustain a conclusion that the complaint was improperly filed and thus sustain a judgment if dismissed. The findings read:

" 'That the defendants, Fred Lee, Lee Rogers, and A. C. Randall were at all times mentioned in the amended complaint of the plaintiff, peace officers charged with the duty of enforcement of the criminal laws of Utah, and that at the time and places mentioned in each of the four causes of action set out in the amended complaint of the plaintiff, the said defendants, Fred Lee, Lee Rogers, and A. C. Randall were acting as such peace officers, and the action set out in each of four causes of action of the plaintiff's amended complaint arose out of or in the course of the performance of the duty of said defendants as peace officers to enforce the criminal laws in the State of Utah. That the plaintiff herein failed to file with, and at the time of the filing of the complaint in this action, a written undertaking with at least two sufficient sureties in an amount to be fixed by the court, conditioned upon the diligent prosecution of this action, and in the event, judgment should be against the plaintiff for the payment to said defendant of costs and expenses that may be awarded against such plaintiff, including reasonable attorney's fee to be fixed by the court, all in compliance with Chapter 148, Laws of Utah, 1937.

" 'Now, therefore, upon the motion of Gerald Irvine, one of the attorneys for said defendants, made in open court the day and year aforesaid, it is hereby ordered that the above entitled action be, and the same is by these presents, dismissed.' "

I do not think we should be technical in requiring a separation of Findings of Fact and Conclusions of law. Sometimes it is impossible to do so because the ultimate fact has embedded in it one or more conclusions as to legal propositions which cannot be separated.

The real question in this case is whether the evidence supports the Judgment of Dismissal or more specifically, does the evidence support a finding that the officers were in the course of the performance of their duty or did the acts for which they are being sued arise out of said performance?

This does not mean that they have immunity from suit for that reason. They can be sued for torts committed while in the course of the performance of their duties. It only means that if they are acting in the course of the performance of their duties, a bond as a condition for filing the complaint must also be filed.

Without going into the evidence in detail it appears that defendant Lee was assigned to go to see Mr. Wright by Sherman Falkenrath, his superior officer, and that he talked to the plaintiff pursuant to that authority. The witness was asked whether he filed the criminal complaint against plaintiff set out in the second cause of action as part of his business as a police officer for Salt Lake. He stated that in doing so he acted in response to orders from his superior officer. The matter of whether he did an act in the performance of his duty or as a police officer is the ultimate question which the trier of the fact should determine from basic facts. If in an Industrial Commission case the issue is as to whether the applicant was injured in the course of his employment, the commission could hardly determine such issue if, instead of developing the basic facts, it asked the question in the very terms of the ultimate question to be decided. But it appears that Lee filed the criminal complaint in pursuance of a direction from his superior officer. This alone would be sufficient to infer that he was in the course of his official duties unless the act he was required to do was palpably not within the legal authority of the superior to exact or require. That the arrest, made the basis of the first cause of action, was in the performance of his official duties is not so clear for the evidence shows he "was assigned to the case" by Sherman Falkenrath but what he was required to do does not appear specifically. In view of the fact that this case was formerly reversed because of insufficient evidence taking the form of conclusions and hearsay, I cannot understand why interrogating counsel should not have been more careful to develop basic or underlying facts. But I think it is a fair inference that Lee arrested

Wright as part of a duty assigned to him by Falkenrath, although the evidence is specific only to the "occasion of his going to see Mr. Wright."

However, the cross-examination seems to have cured any inadequacy or indefiniteness which existed in the direct examination. From the answers to this cross-examination it appears that Lee was told by Falkenrath to investigate Wright in reference to the robbing of Mrs. Vivian Chealey and that he arrested Wright for investigation. Whether he did this validly or invalidly, he did it in the course of the performance of his duties.

Randall was asked the ultimate question as to whether he was performing his duty as a police officer and whether he was acting pursuant to the instruction of a superior officer when he accompanied Lee to Wright's home on December 29th, 1939. The questions were objected to as conclusions. The objections were overruled and the cross-examination did not cure the defect of proof. But the witness did testify "that he was detailed by Captain Falkenrath to assist Fred Lee in that investigation." I think the fair inference from the evidence in connection with that of Lee supports a conclusion that Randall was a peace officer at the time of the acts complained of acting in the capacity of such officer.

While the testimony of Lee Rogers as to his reasons for arresting Wright on July 7th, 1940, are not clear nor is his testimony as to whether he was acting according to instructions in that regard, I think the evidence sufficient to sustain a finding that he was acting as a police officer in the course of his duties. It is not clear that Rogers was in the course of the performance of his duty of enforcing the criminal laws of the state. The statute itself is not clear as to whether the phrase "charged with the duty of enforcement of the criminal laws of this state, or service of civil process" is simply descriptive of the type of person who can demand the bond or whether he must be in the course of the performance of such described duties in order to demand that the bond be filed. However, that need not now be decided

because the evidence of all three officers is susceptible of the construction that they were engaged in performance of enforcing the criminal laws of the State.

On the question of constitutionality of Sec. 104-44-22, I entertain doubt. It does not offend on the ground of discrimination. There is sufficient basis for a classification between peace officers and others as defendants. *Blackmarr v. City Court of Salt Lake City*, 86 Utah 541, 38 P. 2d 725. Also, the statute provides for the reciprocal obligation to pay attorney's fees. But are the burdens attached to suit on the part of poor persons not so great as virtually to deny them access to the courts in contravention of Art. I., Sec. 2 of the Constitution? The court must fix the bond before suit can even be brought. Therefore, the right of the litigant to use the courts is from the beginning largely dependent on the discretion of the court. And arbitrary action or abuse of public authority is usually not directed against the affluent and influential, but against the poor and the humble. They cannot offer indemnification to a bondsman and it would be rare, indeed, that some friend whose margin between actual want and a small nest egg would ordinarily be very slim would want to risk this small hostage to old age in an obligation to pay costs and the indefinite fee of an attorney. On the other hand, the legislature may have decided that it would better serve the public interest if officers in the performance of their duties could do so without fear of financial loss due to harassing and vexatious suits. This court is only one of the facets of democratic government with definite limitations to its field of action. It has judicial supremacy only in the sense that when it clearly appears that the law is unconstitutional, we will declare it so. All doubts must be resolved in favor of constitutionality. Otherwise, we transgress into the field of action of a coordinate branch of government. This principle of resolving all doubts in favor of constitutionality is not something to which lip service is to be paid and then forgotten. It is a solemn and fundamental principle which lies at the very foundation of

our form of government. It is for the reasons above stated that I prefer to reserve final judgment on this question until the matter can be more thoroughly explored in an opinion of the court, rather than in a dissent. I shall, at this time, choose to consider Sec. 104-44-22, U. C. A. 1943, as constitutional reserving the privilege of holding the question open for future examination.