348 P.2d 93

**Dale L. MONSON, Plaintiff-Appellant,**

**v.**

**Alvin E. BOYD and F. G. Boor, Defendants-Respondents.**

No. 8733.

Supreme Court of Idaho.

Dec. 21, 1959.

Vernon K. Smith, E. G. Elliott, Boise, for appellant.

Moffatt & Thomas, J. F. Martin and C. Ben Martin, Boise, for respondents.

TAYLOR, Justice.

Plaintiff (appellant) filed a complaint in the district court, charging defendants (respondents) with false and malicious arrest and incarceration "without probable cause and without any right or authority."

Plaintiff also alleges:

"That during all the times mentioned herein defendants, Alvin E. Boyd and F. G. Boor, were, and now are, duly appointed and acting police officers of the City of Boise, a municipal corporation  *  *  *."

On defendants' motion the action was dismissed for failure of the plaintiff to file the undertaking required by I.C. § 6–610. That section in pertinent part provides:

"Before any action may be filed against any sheriff, constable, peace officer, state police officer, or any other person charged with the duty of enforcement of the criminal laws of this state, or service of civil process, when

such action arises out of, or in the course of the performance of his duty, or in any action upon the bond of any such officer, the proposed plaintiff, as a condition precedent thereto, shall prepare and file with, and at the time of filing the complaint in any such action, a written undertaking with at least two sufficient sureties in an amount to be fixed by the court conditioned upon the diligent prosecution of such action, and in the event judgment in said cause shall be against the plaintiff, for the payment to the defendant of all costs and expenses that may be awarded against such plaintiff including a reasonable attorney's fee to be fixed by the court."

In Pigg v. Brockman, 79 Idaho 233, 314 P.2d 609, we held that the statute by its terms is mandatory, and that in a case where compliance is required, a failure to comply requires a dismissal of the action.

■ Plaintiff urges that the statute is not applicable in this case because the defendants, being city police officers, are not "charged with the duty of enforcement of the criminal laws of this state." The trial court held that the quoted phrase modifies only "any other person." That view is well supported. In re Lockman, 18 Idaho 465, 110 P. 253, 46 L.R.A.,N.S., 759; 82 C.J.S. Statutes §§ 334, 335.

■ However, the words "any other" imply a reference back to the officers enumerated.

"A peace officer is a sheriff of a county, or a constable, marshal, or policeman of a city or town." I.C. § 19–510.

Boise city policemen are peace officers. As such, they are charged with the duty of enforcement of the criminal laws of the state. The constitution requires the legislature to prescribe their duties. Const. art. 18, § 6. Although not in mandatory language, the legislature has imposed such duty upon all peace officers, including policemen. I.C. § 19–603 provides:

"A peace officer may make an arrest in obedience to a warrant delivered to him, or may, without a warrant, arrest a person:

"1. For a public offense committed or attempted in his presence.

"2. When a person arrested has committed a felony, although not in his presence.

"3. When a felony has in fact been committed and he has reasonable cause for believing the person arrested to have committed it.

"4. On a charge made, upon a reasonable cause, of the commission of a felony by the party arrested.

"5. At night, when there is reasonable cause to believe that he has committed a felony."

Plaintiff contends that the word "may" in the foregoing statute is permissive only, and does not charge the peace officer with a duty to make an arrest. On the contrary, we think the statute imposes a duty on peace officers. Such construction is supported by I.C. § 18–701:

"Every sheriff, coroner, keeper of a jail, constable, or other peace officer, who wilfully refuses to receive or arrest any person charged with criminal offense, is punishable by fine not exceeding $5,000, and imprisonment in the county jail not exceeding one year."

Although it may be said that the words "charged with criminal offense" limit the application of this statute to cases in which a formal charge has been made, nevertheless it imposes a duty upon all peace officers with respect to the enforcement of the criminal laws of the state. I.C. § 18–1309 in part provides:

"* * * every person who gives or offers a bribe to any sheriff, deputy sheriff, policeman, constable, prosecuting attorney, or other officer charged with the enforcement of the laws of this state to receive or secure immunity from arrest, prosecution or punishment for a violation or contemplated violation of the laws of this state or any such officer who receives or offers to receive any such bribe is punishable by imprisonment in the state prison for a term not less than one nor more than fourteen years."

Construing the phrase "or other officer charged with the enforcement of the laws of this state", as plaintiff construes the similar phrase in I.C. § 6–610, section 18–1309 recognizes a policeman as an officer charged with the enforcement of the laws of this state. This latter statute was applied to a policeman in State v. Emory, 55 Idaho 649, 46 P.2d 67, 68, where this court held that a policeman belongs to the executive department of the government and as such is "charged with the detail of carrying the laws into effect and securing their due observance."

I.C. § 19–509, referring to warrant of arrest, provides:

"The warrant must be directed to and executed by a peace officer."

In certain cases the warrant may be directed to and may be executed by any policeman in the state. I.C. § 19–512.

Our motor vehicle and traffic code defines and fixes penalties for violations of its many regulations. It specifically vests authority and duty in "police officers" to enforce its provisions, and defines "police officer" as:

"Every officer authorized to direct or regulate traffic or to make arrests for violations of traffic regulations." I.C. § 49-512.

In Lees v. Colgan, 120 Cal. 262, 52 P. 502, 40 L.R.A. 355, the court was concerned with an arrest made by a police captain of San Francisco of one accused of murder in Sacramento. The supreme court of California said:

"Was it the official duty of the petitioner to arrest the murderer? There can be but one answer to this question. Section 817 of the Penal Code of this state declares a police officer of a city to be a peace officer. The arrest in this case was made without a warrant, but such fact in no degree changes the legal complexion of the merits of the litigation. Section 836 of the Penal Code declares that a peace officer may make an arrest * * * [Under circumstances the same as our I.C. § 19-603]. In other words, it is the duty of the peace officer to make arrests under any of the foregoing conditions. It certainly would be his duty to make an arrest where a public offense was committed in his presence. It likewise would surely be his duty to make an arrest where he held a valid warrant ordering the arrest. Yet, under the statute quoted, it is no more his duty to make arrests under such circumstances than it is when a felony has been committed, and he has reasonable cause for believing a certain person to have committed it. Here, of necessity, it must be assumed that petitioner had reasonable cause for making the arrest. It will not be assumed that he made it without good cause, and, if he had good cause for the arrest, it was his duty to make it." 52 P. at page 504.

In Argetakis v. State, 24 Ariz. 599, 212 P. 372, the supreme court of Arizona was considering the validity of an arrest made by a police officer of the city of Phoenix of one suspected of attempting to cheat by means of a confidence game. The court held that the policeman was a peace officer and as such authorized to make an arrest without warrant upon reasonable cause under a statute similar to our I.C. § 19-603, and said:

"This brings us to a consideration of the authority and duty of a peace officer under the circumstances disclosed by this record. Undoubtedly his first duty is to seek out the person to be arrested wherever he may find him within his jurisdiction * * *." 212 P. at page 374.

Other authorities also recognize the authority and duty of police officers in the premises. State v. Robinson, 71 Idaho 290, 230 P.2d 693; State ex rel. Mueller v. District Court, 87 Mont. 108, 285 P. 928; People

v. Perry, 79 Cal.App.2d Supp. 906, 180 P.2d 465; Jackson v. City of Paris, 33 Tenn. App. 55, 228 S.W.2d 1015; Comstock v. Maryland Cas. Co., Iowa, 179 N.W. 962; Commonwealth v. Martin, 98 Mass. 4; 62 C.J.S. Municipal Corporations § 575, p. 1109; 16 McQuillin, Municipal Corporations, 3rd Ed., § 45.15.

Plaintiff, nevertheless, contends on authority of Wright v. Callahan, 61 Idaho 167, 99 P.2d 961, that the sheriff, being a constitutional officer with duties imposed by territorial law at the time the constitution was adopted (Rev.Stat. of Idaho 1887, § 1871, now I.C. § 31–2202, as amended), such duties cannot be taken from the sheriff and given to any other officer or officers. We recognize the principle contended for; but, there is a distinction. In Wright v. Callahan, supra, the court determined that the legislature could not create a new office and confer upon it duties and functions which had been impliedly conferred by the constitution upon the state auditor. Here, all of the statutes, except those regulating motor vehicles and traffic, which we have cited, conferring authority and duty upon policemen to make arrests and otherwise enforce the criminal laws of the state, were first enacted by the territorial legislature in 1864, and were in effect when the constitution was adopted. All of these statutes, with the possible exception of the bribery statute (I.C. § 18–1309), expressly referred to policemen as such, or as peace officers. It is therefore apparent that the duty of municipal police to enforce the criminal laws of the state was recognized by the makers of the constitution, and by the people in its adoption.

Plaintiff calls attention to I.C. § 31–2227, which in part provides:

"Irrespective of police powers vested by statute in state, precinct, county, and municipal officers, it is hereby declared to be the policy of the state of Idaho that the primary duty of enforcing all the penal provisions of any and all statutes of this state, in any court, is vested in the sheriff and prosecuting attorney of each of the several counties. When in the judgment of such county officers, they need assistance from precinct and municipal peace officers within the county, they are authorized and directed to call for such and such local officers shall render such assistance."

The effect of this statute is to place the duty of criminal law enforcement primarily upon the sheriff and prosecuting attorney. It does not destroy or attempt to destroy the statutory or implied constitutional authority and duty of other peace officers.

Plaintiff's further contention is that the allegations of the complaint do not

warrant the court's conclusion that this action arises out of or in the course of the performance of the duty of the defendant officers, and for that reason section 6–610 is not applicable. On the contrary, we think a fair reading of the paragraph of the complaint, hereinabove quoted, means that at the time the acts complained of were committed, defendants were acting as police officers of the city of Boise. In the absence of proof, the law initially presumes that a public officer acts lawfully and within the scope of his authority. Meservey v. Gulliford, 14 Idaho 133, 93 P. 780; Stewart v. White, 19 Idaho 60, 112 P. 677; Dement v. City of Caldwell, 22 Idaho 62, 125 P. 200; Thomas v. Glindeman, 33 Idaho 394, 195 P. 92; Cohn v. Sorenson, 38 Idaho 37, 219 P. 1059; American Fruit Growers, Inc. v. Walmstad, 44 Idaho 786, 260 P. 168; McCall v. First Nat. Bank, 47 Idaho 519, 277 P. 562; Lloyd Corporation v. Bannock County, 53 Idaho 478, 25 P.2d 217. The allegation referred to therefore required the court to assume, for the purpose of determining the applicability of I.C. § 6–610, that the action arose out of and in the course of the performance of the duty of the officers.

■ Plaintiff calls attention to the allegation that the officers acted "without probable cause and without any right or authority" in support of his contention. Assuming this allegation to be a proper pleading of ultimate fact, to require the court to try that issue before determining whether the action arose out of and in the course of the performance of the officers' duty, would defeat the purpose of the statute. The charge that the officers acted unlawfully is the gravamen of the complaint. Upon its determination depends their liability. To apply plaintiff's theory would be to require the court first to try the case on its merits and then determine whether the bond should be posted in compliance with the statute; whereas, the statute in mandatory terms requires the filing of the bond "before any action may be filed against", or "at the time of filing the complaint" against, such officers.

■ Lastly, plaintiff contends the court should not have summarily dismissed the action upon defendants' motion, but should have allowed plaintiff time to file a bond, upon determining the statute was applicable. This point was settled adversely to plaintiff in Pigg v. Brockman, supra. Where the complaint shows on its face, or where it is made to appear by evidence in support of a motion to dismiss, that the action is against peace officers and arises out of or in the course of the performance of the duty of such officers, if I.C. § 6–610 has not been complied with, the action must be dismissed. Kiesel v. Dis-

trict Court, 96 Utah 156, 84 P.2d 782; Cf. Wright v. Lee, 104 Utah 90, 138 P.2d 246.

Judgment affirmed.

Costs to respondents.

KNUDSON and McQUADE, JJ., and DUNLAP, D. J., concur.

PORTER, C. J., sat at the hearing, but died before decision was rendered.